[Cite as *State ex rel. McDonald v. Indus. Comm.*, 2021-Ohio-4494.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Christopher R. McDonald [Deceased], c/o Amanda Carpenter, (Dependent), | : | |
| | : | |
| Relator, | : | No. 20AP-386 |
| v. | : | (REGULAR CALENDAR) |
| Industrial Commission of Ohio et al., | : | |
| Respondents. | : | |

D E C I S I O N

Rendered on December 21, 2021

**On brief:** *Graham & Graham Co., L.P.A.*, and *Robert G. McClelland,* for relator.

**On brief:** *Dave Yost*, Attorney General, and *John R. Smart*, for respondent Industrial Commission of Ohio.

**On brief:** *Kegler, Brown, Hill & Ritter Co., L.P.A.*, *David M. McCarty, Randall W. Mikes*, and *Jane K. Gleaves*, for respondent J&J Schlaegel, Inc.

IN MANDAMUS
ON OBJECTIONS TO THE MAGISTRATE'S DECISION

DORRIAN, P.J.

{¶ 1} Relator Christopher R. McDonald, deceased ("decedent"), c/o Amanda Carpenter ("Carpenter"), filed this action in mandamus, seeking a writ to compel respondent Industrial Commission of Ohio ("commission") to reverse or vacate its order finding Carpenter was ineligible for death benefits because she was not a dependent of

decedent pursuant to R.C. 4123.59(D) and issue an order finding that Carpenter is a dependent of decedent.

## I. Facts and Procedural History

{¶ 2}   This matter arises out of the sudden death of decedent on April 8, 2019. Decedent was killed, while in the course of and arising out of his employment with respondent J&J Schlaegel, Inc., when a trench he was working in collapsed. As relevant to this matter, decedent was survived by Carpenter, who was engaged to be married to decedent at the time of his death, and the couple's two minor children.

{¶ 3}   An FROI-1 form signed by Carpenter on April 22, 2019 was submitted to the Ohio Bureau of Workers' Compensation ("BWC").  On April 23, 2019, Carpenter and the couple's two minor children filed an application for death benefits.  In an affidavit in support of her application for death benefits dated April 22, 2019, Carpenter stated she had been in a committed relationship with decedent for the past 11 years and was his fiancée at the time of his death.  Carpenter and decedent had two minor children together.  Carpenter and decedent owned property together with joint rights of survivorship and were jointly responsible for mortgage payments on such property.  Carpenter and decedent were jointly responsible for five different credit cards and payments on two vehicles. Carpenter and decedent each held life insurance policies in which the other was named as the sole beneficiary.  Carpenter stated that she only worked part-time averaging approximately eight hours per week and decedent provided primary financial support for Carpenter and the couple's two minor children.

{¶ 4}   On May 21, 2019, BWC issued an order approving death benefits for the two minor children but denying Carpenter's request for death benefits.  On May 24, 2019, Carpenter appealed the BWC order.

{¶ 5}   On June 18, 2019, a district hearing officer ("DHO") held a hearing. On June 21, 2019, the DHO mailed an order affirming the BWC's order.  Specifically, the DHO found the claim was allowed for death benefits and that the two minor children were wholly dependent on decedent for support and were entitled to death benefits. The DHO, however, found Carpenter did not meet the definition of wholly dependent person entitled to death benefits under R.C. 4123.59(D) because she was not a surviving spouse, pursuant to R.C. 4123.59(D)(1), and case law had not extended the provisions of R.C. 4123.59(D)(2) to an

unmarried person in a relationship with decedent.  On July 1, 2019, Carpenter appealed the DHO's order.

{¶ 6}   On August 7, 2019, a staff hearing officer ("SHO") held a hearing.  On August 15, 2019, the SHO mailed an order vacating the DHO's order. The SHO found Carpenter and the two minor children were dependent on decedent at the time of death and were entitled to death benefits. The SHO found Carpenter was not entitled to the presumption of being wholly dependent on decedent for support under R.C. 4123.59(D)(1) as a surviving spouse.  Nevertheless, the SHO found the last paragraph of R.C. 4123.59(D) provided for the determination of actual dependency based on the specific facts of each particular case.  As a result, the SHO concluded that Carpenter met her burden of proving she was actually wholly dependent on decedent for support at the time of his death because she was a member of the family pursuant to R.C. 4123.59(D) based on the specific facts of the case.  On August 28, 2019, the BWC administrator filed an appeal.

{¶ 7}   On September 26, 2019, the commission held a hearing.  On October 30, 2019, after further review and discussion, the commission mailed an order vacating the SHO's order.  The commission ordered medical, hospital, and funeral expenses paid. The commission ordered death benefits to be paid to the two minor children, but denied benefits for Carpenter.  The commission found there was no presumption of dependency for Carpenter. Furthermore, the commission found Carpenter was not a dependent of decedent as a surviving spouse under R.C. 4123.59.[1]

{¶ 8}   On August 13, 2020, Carpenter filed a complaint for writ of mandamus requesting this court order the commission to reverse or vacate its October 30, 2019 order and grant death benefits to Carpenter.  Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, this matter was referred to a magistrate who issued a decision, including findings of fact and conclusions of law, which is appended hereto.  The magistrate recommends this court deny Carpenter's request for a writ of mandamus.

---

[1] In finding that Carpenter was a not a dependent of the decedent as a "surviving spouse," the commission noted that "common law marriages have been banned in Ohio since 1991."  (Oct. 10, 2019 Commission Order at 2.)  Indeed, pursuant to R.C. 3105.12, the General Assembly has prohibited common law marriages in this state. As explained in our analysis below, we do not find the prohibition of common law marriage to be determinative of the issue before us now because the last paragraph of R.C. 4123.59 is not specific to marriage. Instead, as we discuss below, the plain text of the statutory provisions encompasses relationship statuses other than surviving spouse, both among the other specifically listed categories and as a member of the family under the particular facts of the case.

{¶ 9} Relator has filed the following three objections to the magistrate's decision:

[I.] THE MAGISTRATE ERRED IN CONCLUDING THAT THE INDUSTRIAL COMMISSION HAD DETERMINED THAT AMANDA CARPENTER WAS NOT A "MEMBER OF THE FAMILY" ENTITLED TO DEATH BENEFITS PURSUANT TO R.C. 4123.59(D)(2).

[II.] THE MAGISTRATE ERRED IN THE ANALYSIS OF STATUTORY INTERPRETATION UPON DETERMINING THAT R.C. 4123.59(D)(2) WAS AMBIGUOUS.

[III.] THE MAGISTRATE ERRED IN CONCLUDING THAT AMANDA CARPENTER WAS NOT ENTITLED TO DEATH BENEFITS DESPITE THE FACT THAT SHE "BEARS TO THE DECEASED EMPLOYEE THE RELATION OF SURVIVING SPOUSE" PURSUANT TO R.C. 4123.59(D)(2).

## II. Discussion

{¶ 10} Carpenter raises three objections to the magistrate's decision. In her first objection, Carpenter contends the magistrate misstated the commission's findings with regard to Carpenter's status as a "member of the family" under R.C. 4123.59(D)(2). Carpenter also argues in her first objection that the commission failed to provide any construction of the definition of "member of the family." In her second and third objections, Carpenter contends the magistrate's interpretation of R.C. 4123.59(D) was erroneous. As this matter turns on the operation and meaning of terms contained within R.C. 4123.59(D), we begin by analyzing and interpreting the relevant statutory provisions.

### A. Statutory Interpretation

{¶ 11} When interpreting statutory provisions, "our paramount concern is the legislative intent in enacting the statute." *State ex rel. Steele v. Morrissey, Aud.*, 103 Ohio St.3d 355, 2004-Ohio-4960, ¶ 21, citing *State ex rel. United States Steel Corp. v. Zaleski*, 98 Ohio St.3d 395, 2003-Ohio-1630, ¶ 12. " 'If the meaning of the statute is unambiguous and definite, it must be applied as written and no further interpretation is necessary.' " *State ex rel. Natl. Lime & Stone Co. v. Marion Cty. Bd. of Commrs.*, 152 Ohio St.3d 393, 2017-Ohio-8348, ¶ 14, quoting *State ex rel. Savarese v. Buckeye Local School Dist. Bd. of Edn.*, 74 Ohio St.3d 543, 545 (1996). *See State v. Porterfield*, 106 Ohio St.3d 5, 2005-Ohio-3095, ¶ 11 (stating that "[o]nly when a definitive meaning proves elusive should rules for construing ambiguous language be employed. Otherwise, allegations of ambiguity become

self-fulfilling"); *State v. J.L.S.*, 10th Dist. No. 18AP-125, 2019-Ohio-4173, ¶ 71. In determining legislative intent, " 'we first review the statutory language, reading words and phrases in context and construing them according to the rules of grammar and common usage.' " *In re Acubens, LLC*, 10th Dist. No. 17AP-870, 2018-Ohio-2607, ¶ 14, quoting *Steele* at ¶ 21, citing *State ex rel. Rose v. Lorain Cty. Bd. of Elections*, 90 Ohio St.3d 229, 231 (2000), and R.C. 1.42.

{¶ **12**} Statutory interpretation presents a question of law subject to a de novo standard of review. *Natl. Lime & Stone* at ¶ 14, citing *Ceccarelli v. Levin*, 127 Ohio St.3d 231, 2010-Ohio-5681, ¶ 8; *State ex rel. Peregrine Health Servs. of Columbus, LLC v. Sears, Dir., Ohio Dept. of Medicaid,* 10th Dist. No. 18AP-16, 2020-Ohio-3426, ¶ 23. The Supreme Court of Ohio has held that courts " 'must give due deference to an administrative interpretation formulated by an agency that has accumulated substantial expertise, and to which the General Assembly has delegated the responsibility of implementing the legislative command.' " *Bernard v. Unemp. Comp. Rev. Comm.*, 136 Ohio St.3d 264, 2013-Ohio-3121, ¶ 12, quoting *Swallow v. Indus. Comm.*, 36 Ohio St.3d 55, 57 (1988). If the statute in question " 'is silent or ambiguous with respect to the specific issue, the question for the court is whether the agency's answer is based on a permissible construction of the statute.' " *Lang v. Dir., Ohio Dept. of Job & Family Servs.*, 134 Ohio St.3d 296, 2012-Ohio-5366, ¶ 12, quoting *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 843 (1984). *See Collateral Mgt. LLC v. Ohio Dept. of Commerce*, 10th Dist. No. 20AP-123, 2021-Ohio-1641, ¶ 24, citing *Clark v. State Teachers Retirement Sys.*, 10th Dist. No. 18AP-105, 2018-Ohio-4680, ¶ 38. However, courts grant no deference to an administrative agency's interpretation of a statute when that interpretation conflicts with the express terms of an unambiguous statute. *Employer's Choice Plus, Inc. v. Ohio Dept. of Job & Family Servs.*, 10th Dist. No. 18AP-297, 2019-Ohio-4994, ¶ 24, quoting *Lang* at ¶ 12.

{¶ **13**} R.C. 4123.59(D) provides as follows:

> The following persons are presumed to be wholly dependent for their support upon a deceased employee:
>
> (1) A surviving spouse who was living with the employee at the time of death or a surviving spouse who was separated from

the employee at the time of death because of the aggression of the employee;

(2) A child under the age of eighteen years, or twenty-five years if pursuing a full-time educational program while enrolled in an accredited educational institution and program, or over said age if physically or mentally incapacitated from earning, upon only the one parent who is contributing more than one-half of the support for such child and with whom the child is living at the time of the death of such parent, or for whose maintenance such parent was legally liable at the time of the parent's death.

It is presumed that there is sufficient dependency to entitle a surviving natural parent or surviving natural parents, share and share alike, with whom the decedent was living at the time of the decedent's death, to a total minimum award of three thousand dollars.

The administrator may take into consideration any circumstances which, at the time of the death of the decedent, clearly indicate prospective dependency on the part of the claimant and potential support on the part of the decedent. No person shall be considered a prospective dependent unless such person is a member of the family of the deceased employee and bears to the deceased employee the relation of surviving spouse, lineal descendant, ancestor, or brother or sister. The total award for any or all prospective dependency to all such claimants, except to a natural parent or natural parents of the deceased, shall not exceed three thousand dollars to be apportioned among them as the administrator orders.

In all other cases, the question of dependency, in whole or in part, shall be determined in accordance with the facts in each particular case existing at the time of the injury resulting in the death of such employee, but no person shall be considered as dependent unless such person is a member of the family of the deceased employee, or bears to the deceased employee the relation of surviving spouse, lineal descendant, ancestor, or brother or sister.

### 1. The Operation Of R.C. 4123.59(D) Is Not Ambiguous

{¶ 14} At issue in the present matter is the final paragraph of R.C. 4123.59(D). In its decision denying Carpenter death benefits, the commission made the following findings:

> It is further found the Decedent's fiance, Amanda Carpenter, is not entitled to death benefits under the provisions of R.C. 4123.59(D), particularly including the last paragraph of R.C. 4123.59(D)(2). There is no presumption of dependency for Ms. Carpenter, as she and the Decedent were never married and never applied for a marriage license.
>
> A number of assertions presented by Ms. Carpenter may be accepted as true, regarding she and the Decedent living together for approximately 11 years; they were purchasing real estate together, with joint survivorship provisions and with both their names on the mortgage; both their names were on car loans and credit cards; they each owned life insurance policies naming each other the beneficiaries; they were the natural parents of the children [H.M.] and [A.M.]; and Ms. Carpenter only worked part-time so she could stay home and take care of the children. However, common law marriages have been banned in Ohio since approximately 1991, and Ms. Carpenter was not a dependent of the Decedent as a "surviving spouse" under the terms of the cited Revised Code provisions. Further, case law has not extended the language of R.C. 4123.59(D)(2) to an unmarried person in a relationship with a decedent, such as is present in this claim. Consideration of *Blair v. Keller*, 16 Ohio Misc. 157, 241 N.E.2d 767 (C.P.1968), does not compel a contrary result, as the facts in that case are distinguishable.

(Oct. 10, 2019 Commission Order at 2.)

{¶ 15} Carpenter contends the final paragraph of R.C. 4123.59(D) requires the commission to determine the question of dependency, in whole or part, according to the facts of each particular case. Carpenter contends the facts in this case establish she is entitled to be determined a wholly dependent person on the basis of her status as a member of the family of the deceased employee. To the contrary, the commission in its brief in this matter responds that the statute does not provide for consideration of dependency beyond the listed categories of surviving spouse, lineal descendant, ancestor, or brother or sister. Specifically, the commission contends that "R.C. 4123.59 creates three (3) categories of dependents for purposes of death benefits." (Commission's Brief at 11.) The commission argues these categories are limited to the following:

> First is the surviving spouse who is presumed to be "wholly dependent." R.C. 4123.59(D)[(]1). The "Spouse" is the dependent who is legally married to the decedent. Second is

the child or children who are also presumed to be wholly dependent on the decedent. The child of the decedent is the natural/biological or adopted child of the decedent. R.C. 4123.59(D)(2).

The third category are members of the family of the deceased employee. R.C. 4123.59(D)(2), last paragraph. The third category includes mother, father, brother or sister of the decedent because they are "a member of the family of the deceased employee." They are dependents if they were dependent on the decedent for financial support.

(Commission's Brief at 11-12.) Thus, the commission contends that only the listed categories in the last paragraph of R.C. 4123.59(D)(2) qualify as a "member of the family" under the terms of the statute.  As a result, the commission argues the legislature did not intend for an "unmarried person (with whom the decedent cohabitated)" to be considered "a member of the decedent's family." (Commission's Brief at 12.)  We find the commission's interpretation of the plain text of the relevant statutory provisions to be erroneous for several reasons.

{¶ 16} To begin, it is necessary to examine the operation of the statutory provision in question.  Whereas the preceding paragraphs of R.C. 4123.59(D) concern presumptions of dependency and prospective dependency, the final paragraph encompasses "all other cases." R.C. 4123.59(D). In all other cases, the statute provides that the "question of dependency, in whole or in part, *shall be determined in accordance with the facts in each particular case* existing at the time of the injury resulting in the death of such employee." (Emphasis added.)  R.C. 4123.59(D). Thus, the plain text of the statute provides that, except where a presumption of dependency or question of prospective dependency is present, the commission must determine the question of dependency on the facts of the particular case. The last paragraph limits the case-by-case consideration of such dependency on the particular facts by providing that "no person shall be considered as dependent unless such person is a member of the family of the deceased employee, or bears to the deceased employee the relation of surviving spouse, lineal descendant, ancestor, or brother or sister." R.C. 4123.59(D).

{¶ 17} Crucially, the statute contains the disjunctive term "or" between the two listed categories of "member of the family" and the specifically listed relations of "surviving

spouse, lineal descendant, ancestor, or brother or sister." R.C. 4123.59(D). "The legislature's use of the word 'or,' a disjunctive term, signifies the presence of alternatives." *In re Estate of Centorbi*, 129 Ohio St.3d 78, 2011-Ohio-2267, ¶ 18, citing *O'Toole v. Denihan*, 118 Ohio St.3d 374, 2008-Ohio-2574, ¶ 51-52. *See State ex rel. Cincinnati Action for Hous. Now v. Hamilton Cty. Bd. of Elections*, 164 Ohio St.3d 509, 2021-Ohio-1038, ¶ 28; *Penn v. A-Best Prods. Co.*, 10th Dist. No. 07AP-404, 2007-Ohio-7145, ¶ 9. In a prior decision of this court, we stated that "[b]y using the word 'or,' the legislature gave a separate and distinct identity to each of the articulated phrases." *Penn* at ¶ 9. *See Weaver v. Edwin Shaw Hosp.*, 104 Ohio St.3d 390, 2004-Ohio-6549, ¶ 13, quoting *Wachendorf v. Shaver*, 149 Ohio St. 231 (1948), paragraph five of the syllabus (stating that a statute's wording " 'may not be restricted, constricted, qualified, narrowed, enlarged or abridged; significance and effect should, if possible, be accorded to every word, phrase, sentence and part of an act' "). Thus, under the plain terms of the statute, the commission is prohibited from considering a person as a dependent unless one of the following conditions is met: such person (1) "is a member of the family of the deceased employee"; *or* (2) "bears to the deceased employee the relation of surviving spouse, lineal descendant, ancestor, or brother or sister." R.C. 4123.59(D). *See Penn* at ¶ 9 (stating that "the statute's use of the disjunctive 'or' indicates that the two phrases on either side of the term were not intended to have the same meaning and that if the circumstances satisfy either one, then the cause of action has accrued").

{¶ 18} This is supported by the fact that in the penultimate paragraph of R.C. 4123.59(D), which concerns prospective dependency determinations, the statute provides: "No person shall be considered a prospective dependent unless such person is a member of the family of the deceased employee *and* bears to the deceased employee the relation of surviving spouse, lineal descendant, ancestor, or brother or sister." (Emphasis added.) R.C. 4123.59(D). By using the conjunctive term "and" between the phrase "member of the family" and the listed categories of relationship, the statute requires prospective dependents to meet both qualifications. *See United States v. Palomar-Santiago*, ___U.S.___, 141 S.Ct. 1615, 1621 (2021) (noting that where three statutory "requirements are connected by the conjunctive 'and,' " this "mean[s] [the] defendants must meet all three"). By joining the terms "member of the family" and the subsequently listed categories

of relationship with the term "and," the General Assembly makes plain for purposes of R.C. 4123.59(D) what otherwise could be considered common knowledge: individuals in the specifically listed relationship categories of surviving spouse, lineal descendant, ancestor, or brother or sister can be considered to be a member of the family.

{¶ 19} It is further noteworthy that the General Assembly used the term "and" when identifying the requirements for being considered a prospective dependent in the penultimate paragraph of R.C. 4123.59(D), whereas it used the term "or" in the final paragraph of that same statute when identifying the requirements for being considered dependent on the particular facts because it is presumed that a legislature acts intentionally and purposely when it includes language in one section of a statute but omits it in another. *See Nacco Industries, Inc. v. Tracy*, 79 Ohio St.3d 314, 316 (1997), citing *Chicago v. Environmental Defense Fund*, 511 U.S. 328, 338 (1994) ("Congress is generally presumed to act intentionally and purposely when it includes particular language in one section of a statute but omits it in another."); *BFP v. Resolution Trust Corp.*, 511 U.S. 531, 537 (1994); *Columbus v. Garrett*, 10th Dist. No. 00AP-610 (Mar. 27, 2001). By using these different terms, we presume the General Assembly intended for the requirements to differ. Thus, in order for an individual to be considered a prospective dependent under the requirements contained in the penultimate paragraph of R.C. 4123.59(D), they must be both a member of the family and meet one of the specifically listed relationship categories. However, in order for an individual to be considered a dependent on the particular facts under the requirements of the final paragraph of R.C. 4123.59(D), they must be a member of the family or meet one of the specifically listed relationship categories. Therefore, the unambiguous text of the statute makes plain that while the term "member of the family" can include the specifically listed relationship categories, the statute also makes clear that "member of the family" can encompass more than just those categories depending on the particular facts of the case.

{¶ 20} If we were to accept the commission's argument in this case that under R.C. 4123.59(D) the term "member of the family" encompasses only the specifically listed relationship categories, it would render the inclusion of the term "member of the family" in the final paragraph of R.C. 4123.59(D) mere surplusage. However, an administrative agency may not add to or subtract from a legislative enactment. *Acubens* at ¶ 24, citing

*Teamsters Local Union No. 348 v. Cuyahoga Falls Clerk of Court*, 10th Dist. No. 10AP-728, 2011-Ohio-2416, ¶ 22. *See also Vargas v. State Med. Bd. of Ohio*, 10th Dist. No. 11AP-872, 2012-Ohio-2735, ¶ 13, citing *Cent. Ohio Joint Vocational School Dist. Bd. of Edn. v. Ohio Bur. of Emp. Servs.*, 21 Ohio St.3d 5, 10 (1986); *Wymsylo v. Bartec, Inc.*, 132 Ohio St.3d 167, 2012-Ohio-2187, ¶ 39, quoting *Amoco Oil Co. v. Petroleum Underground Storage Tank Release Comp. Bd.*, 89 Ohio St.3d 477, 484 (2000) (finding that an " 'administrative rule cannot add [to] or subtract from the legislative enactment' "). Furthermore, "[a] basic rule of statutory construction requires that 'words in statutes should not be construed to be redundant, nor should any words be ignored.' " *D.A.B.E., Inc. v. Toledo-Lucas Cty. Bd. of Health*, 96 Ohio St.3d 250, 2002-Ohio-4172, ¶ 26, quoting *E. Ohio Gas Co. v. Pub. Util. Comm.*, 39 Ohio St.3d 295, 299 (1988). " 'No part [of a statutory text] should be treated as superfluous unless that is manifestly required, and the court should avoid that construction which renders a provision meaningless or inoperative.' " *Boley v. Goodyear Tire & Rubber Co.*, 125 Ohio St.3d 510, 2010-Ohio-2550, ¶ 21, quoting *State ex rel. Myers v. Spencer Twp. Rural School Dist. Bd. of Edn.*, 95 Ohio St. 367, 373 (1917). *See Perrysburg Twp. v. Rossford*, 103 Ohio St.3d 79, 2004-Ohio-4362, ¶ 7 (avoiding interpreting a statute as containing "surplusage" and instead giving "effect to the words used"); *Astoria Fed. S. & L. Assn. v. Solimino*, 501 U.S. 104, 112 (1991), citing *United States v. Menasche*, 348 U.S. 528, 538-39 (1955); *Huntington Natl. Bank v. 199 S. Fifth St. Co., LLC*, 10th Dist. No. 10AP-1082, 2011-Ohio-3707, ¶ 18. Had the General Assembly intended for the case-by-case determination contemplated by the final paragraph of R.C. 4123.59(D) to include only the specifically listed relationship categories of surviving spouse, lineal descendent, ancestor, or brother or sister, it clearly knew how to do so without providing for the alternative category of "member of the family." R.C. 4123.59(D). *See Acubens* at ¶ 24; *O'Toole* at ¶ 57.

{¶ 21} Furthermore, the General Assembly's use of the word "shall" in the phrase "[i]n all other cases, the question of dependency, in whole or in part, shall be determined in accordance with the facts in each particular case existing at the time of the injury resulting in the death of such employee," indicates that the commission was under a mandatory obligation to complete the aforementioned determination. *See Wilson v. Lawrence*, 150 Ohio St.3d 368, 2017-Ohio-1410, ¶ 13, citing *State ex rel. Cincinnati Enquirer v. Lyons*, 140

Ohio St.3d 7, 2014-Ohio-2354, ¶ 28 (stating that "we repeatedly have recognized that use of the term 'shall' in a statute connotes a mandatory obligation unless other language evidences a clear and unequivocal intent to the contrary"); *Dorrian v. Scioto Conservancy Dist.*, 27 Ohio St.2d 102, 107 (1971), citing *Dennison v. Dennison*, 165 Ohio St. 146 (1956) (stating that "[t]he word 'shall' is usually interpreted to make the provision in which it is contained mandatory").

{¶ 22} By failing to properly consider whether Carpenter established she was a dependent as a member of the family under the particular facts of this case, the commission failed to comply with the express command of R.C. 4123.59(D). We reach this conclusion because the commission's construction of the final paragraph of R.C. 4123.59(D) ignores the General Assembly's use of the disjunctive "or" to separate the phrases "member of the family of the deceased employee" from "bears to the deceased employee the relation of surviving spouse, lineal descendent, ancestor, or brother or sister" and construes the two phrases as having an identical meaning. R.C. 4123.59(D). By analyzing only whether Carpenter qualified for dependency as a surviving spouse, the commission failed to give effect to the plain words of the statute. As the commission's interpretation is in conflict with the clear and unequivocal command of the statute, we need accord it no deference. *Employer's Choice Plus* at ¶ 24.

### 2. The Meaning of the Term "Member of the Family" Is Ambiguous

{¶ 23} Having found the commission failed to properly interpret and apply the plain text of the statute, we next consider the meaning of the term "member of the family" under R.C. 4123.59(D). Specifically, we must determine whether an unmarried person in a relationship with the deceased employee, such as Carpenter, could be considered as a "member of the family" depending on the facts of the case.

{¶ 24} The commission, in its decision denying Carpenter death benefits, never mentions the phrase "member of the family," nor does it contain any specific interpretation or consideration of such phrase. Instead, the commission's decision focuses on the questions of whether there was a presumption of dependency and whether Carpenter was a dependent of decedent as a "surviving spouse." The commission also noted that "case law has not extended the language of R.C. 4123.59(D)(2) to an unmarried person in a relationship with a decedent," but provided no analysis of whether such person would

qualify as a "member of the family." (Commission's Oct. 30, 2019 Decision at 2.) In its brief in this case, the commission argues that the category of "members of the family" is limited to the "[l]egitimate members of the family" in the listed categories of surviving spouse, lineal descendant, ancestor, or brother or sister. (Commission's Brief at 13.) Because the commission's decision fails to provide any specific interpretation of such term and, as previously discussed, the commission's decision was based on an impermissible and unreasonable construction of the statute, we cannot accord it any deference.

{¶ 25} The commission, in its decision denying Carpenter death benefits, distinguishes *Blair v. Keller*, 16 Ohio Misc. 157, 241 N.E.2d 767 (June 10, 1968) (Wood County Common Pleas Court) a case construing the "member of the family." In *Blair*, the court considered whether the four stepchildren of the deceased employee were "members of the family" as that term is used in R.C. 4123.59. Although the deceased employee had never adopted his stepchildren, who were the children of the deceased's widow, the court found they "were 'members of the family' of the deceased employee, as that term is used in everyday life and in accordance with the numerous definitions found in any dictionary," because "[t]hey lived in the same house with the deceased and their mother, ate at the table of the deceased and enjoyed the privileges of the deceased and his wife." *Blair* at 159. *Blair* is not binding on this court, however, we find to be relevant *Blair's* analysis that because "the conjunction 'or' " appeared "[a]fter the words 'deceased employee' " in the final paragraph of R.C. 4123.59(D), dependents on the particular facts of the case "need not bear the relation to the deceased of [the categories listed following the word 'or']." *Id.* at 160. As a result, the court found the children were qualified "as being dependent upon the deceased as members of his family, and should participate in the [Workers'] Compensation Fund." *Id.*

{¶ 26} As noted by the magistrate in this matter, the terms "member of the family" or "family member" have been defined in different ways in various provisions of the Ohio Revised Code. *See* R.C. 5123.47(A)(4) (defining "[f]amily member" in the context of the Department of Developmental Disabilities as meaning "a parent, sibling, spouse, son, daughter, grandparent, aunt, uncle, cousin, or guardian of the individual with a developmental disability"); R.C. 4111.14(D)(2) (defining "family member" in the context of minimum wage law as "a parent, spouse, child, stepchild, sibling, grandparent, grandchild,

or other member of an owner's immediate family"); R.C. 917.18(A) (defining "family member" in an agricultural business context as "a spouse; person living as a spouse; parent; child; other person related to a milk producer or raw milk retailer by consanguinity or affinity; or parent, child, or other person related to a spouse or a person living as a spouse by consanguinity or affinity, who is residing with [the person in question]"); R.C. 2743.51(X) and (W) (defining "[f]amily member" in the context of awards to victims of crimes as "an individual who is related to a victim by affinity or consanguinity" and "[i]mmediate family member" as "an individual who resided in the same permanent household as a victim at the time of the criminally injurious conduct and who is related to the victim by affinity or consanguinity"); R.C. 3113.31(A)(3)(b) (defining in the context of domestic violence a "[f]amily or household member" as "[t]he natural parent of any child of whom the respondent is the other natural parent or is the putative other natural parent"). Similarly, case law reveals a variety of meanings for such terms. *See State v. West*, 10th Dist. No. 06AP-114, 2006-Ohio-5095, ¶ 14, citing *State v. Avery*, 5th Dist. No. 2004-CA-00010, 2004-Ohio-5226, ¶ 41 (finding person in a romantic relationship who was living in the same house as the defendant constituted a "family member" for purposes of R.C. 2919.25(F)); *Nationwide Mut. Fire Ins. Co. v. Turner*, 29 Ohio App.3d 73, 74 (8th Dist.1986), *overruled on other grounds in Westfield Ins. Co. v. Hunter*, 128 Ohio St.3d 540, 2011-Ohio-1818, ¶ 15-17 (stating in the context of an insurance case that "[t]he meaning of the word 'family' necessarily depends on the field of law in which the word is used, the purpose to be accomplished by its use, and the facts and circumstances of the case"); *Seman v. State Med. Bd. of Ohio*, 10th Dist. No. 19AP-613, 2020-Ohio-3342, ¶ 35, quoting Ohio Adm.Code 4731-11-08(C) (noting in the context of a state medical board case that the relevant Ohio Administrative Code provision defines "family member" as " 'a spouse, parent, child, sibling or other individual in relation to whom a physician's personal or emotional involvement may render that physician unable to exercise detached professional judgment in reaching diagnostic or therapeutic decisions' "). Finally, common understanding of the meaning of the term family is varied and has evolved over time. *See Black's Law Dictionary* 721 (10th Ed.2014) (defining "family" as "1. A group of persons connected by blood, by affinity, or by law, esp. within two or three generations. 2. A group consisting of parents and their children. 3. By extension, a group of people who live together

and usu. have a shared commitment to a domestic relationship"). *See generally* Scott & Scott, *From Contract to Status: Collaboration and the Evolution of Novel Family Relationships*, 115 Colum. L. Rev. 293 (2015); Dolgin, *The Constitution as Family Arbiter: A Moral in the Mess?*, 102 Colum. L. Rev. 337 (2002) (arguing that "[i]ncreasingly, Americans debate the parameters of the family and the meaning of childhood").

{¶ 27} As the term "member of the family" as used in R.C. 4123.59(D) is not defined either in that section or otherwise in the workers' compensation statute, and given the disparate meanings in other statutory provisions and caselaw, we find such term to be ambiguous. R.C. 4123.95 provides: "Sections 4123.01 to 4123.94, inclusive, of the Revised Code shall be liberally construed in favor of employees and the dependents of deceased employees." As a result, we construe the term "member of the family" liberally consistent with R.C. 4123.95. *See State ex rel. Gen. Motors Corp. v. Indus. Comm.*, 10th Dist. No. 06AP-373, 2006-Ohio-6786, ¶ 20, fn. 7 (stating that R.C. 4123.95 requires liberal construction of a statute where "the statute is ambiguous and requires construction"). *Compare State ex rel. Shisler v. Ohio Pub. Emps. Retirement Sys.*, 10th Dist. No. 07AP-946, 2008-Ohio-4830, ¶ 11 (declining to liberally construe unambiguous statute). *See generally Daugherty v. Cent. Trust Co. of Northeastern Ohio, N.A.*, 28 Ohio St.3d 441, 447 (1986), quoting *Dennis v. Smith*, 125 Ohio St. 120, 124 (1932) (stating that " ' "liberal construction" is not meant that words and phrases shall be given an unnatural meaning, or that the meaning shall be * * * expanded to meet a particular state of facts' "). Furthermore, the express terms of the last paragraph of R.C. 4123.59(D) provide for case-by-case determinations based on the "facts in each particular case." This explicit instruction for a case-by-case analysis supports a more expansive consideration of the term "member of the family," as the court reasoned in *Blair*. Accordingly, we find that R.C. 4123.59(D) contemplates considering the term "member of the family" depending on the "facts in each particular case," without restriction to the subsequently listed categories of those "bear[ing] to the deceased employee the relation of surviving spouse, lineal descendant, ancestor, or brother or sister." R.C. 4123.59(D).

### B. Mandamus is Appropriate

{¶ 28} "A writ of mandamus is an extraordinary remedy." *State ex rel. Brown v. Ashtabula Cty. Bd. of Elections*, 142 Ohio St.3d 370, 2014-Ohio-4022, ¶ 11. Pursuant to

R.C. 2731.02, the Supreme Court of Ohio, the Ohio courts of appeals, and the common pleas courts of this state possess jurisdiction over actions in mandamus.  *See Hillman v. Larrison*, 10th Dist. No. 20AP-7, 2020-Ohio-4896, ¶ 14; *Gen. Motors Co.* at ¶ 14, fn. 6.  In order to obtain a writ of mandamus, a relator must demonstrate: (1) a clear legal right to the relief, (2) a clear legal duty on the part of the commission to provide such relief, and (3) the lack of an adequate remedy in the ordinary court of the law.  *State ex rel. Ferrara v. Trumbull Cty. Bd. of Elections*, ___ Ohio St.3d ___, 2021-Ohio-3156, ¶ 7, citing *State ex rel. Waters v. Spaeth*, 131 Ohio St.3d 55, 2012-Ohio-69, ¶ 6; *State ex rel. Pressley v. Indus. Comm.*, 11 Ohio St.2d 141, 153 (1967); *Peregrine Health* at 19.

{¶ 29}  "To show the clear legal right, relator must demonstrate that the commission abused its discretion by entering an order unsupported by some evidence in the record." *State ex rel. Hughes v. Goodyear Tire & Rubber Co.*, 26 Ohio St.3d 71, 73 (1986).  When the record contains "some evidence" to support the commission's factual findings, a court may not disturb the commission's findings in mandamus.  *State ex rel. Fiber-Lite Corp. v. Indus. Comm.*, 36 Ohio St.3d 202 (1988), syllabus. " 'Where a commission order is adequately explained and based on some evidence, * * * the order will not be disturbed as manifesting an abuse of discretion.' "  *State ex rel. Avalon Precision Casting Co. v. Indus. Comm.*, 109 Ohio St.3d 237, 2006-Ohio-2287, ¶ 9, quoting *State ex rel. Mobley v. Indus. Comm.*, 78 Ohio St.3d 579, 584 (1997).

{¶ 30}  With regard to the third requirement for the issuance of a writ of mandamus, the lack of an adequate remedy in the ordinary court of the law, the Supreme Court has held that "dependency issues do not invoke the basic right to participate in the workers' compensation system and, therefore, are not appealable." *State ex rel. Liposchak v. Indus. Comm.*, 90 Ohio St.3d 276, 278 (2000).  Furthermore, the court held that "although death benefits may be granted or denied based on dependent status as defined in R.C. 4123.59, the denial or grant of such benefits is not appealable unless it concerns the causal connection between injury, disease, or death and employment." *Id.* at 281.  Here, the denial of death benefits does not concern the causal connection between injury, disease, or death and employment. As a result, Carpenter has no adequate remedy in the ordinary course of law. *Id.*

{¶ 31} With regard to the first and second requirements for the issuance of a writ of mandamus, we find Carpenter has established a clear legal right to the requested relief of vacating its October 10, 2019 order and a clear legal duty on the part of the commission to provide such relief because the commission's interpretation is in conflict with the clear and unequivocal command of the statute. The commission erred by giving R.C. 4123.59(D) a meaning inconsistent with the plain language of the text and by failing to properly interpret the term "member of the family," including by failing to liberally construe the statutory term as required by R.C. 4123.95. *See State ex rel. Newark Group, Inc. v. Admr., Bur. of Workers' Comp.*, 10th Dist. No. 19AP-544, 2021-Ohio-1939; *State ex rel. Honda of Am. Mfg., Inc. v. Indus. Comm. of Ohio*, 10th Dist. No. 19AP-315, 2021-Ohio-2113, ¶ 20. *Compare Peregrine Health* at ¶ 41 (finding it was not error to deny writ of mandamus where agency's interpretation of statutory provision was not unreasonable or contrary to law). As previously stated, the final paragraph of R.C. 4123.59(D) provides that "the question of dependency, in whole or in part, *shall be determined* in accordance with the facts in each particular case existing at the time of the injury resulting in the death of such employee." (Emphasis added.) Therefore, Carpenter has a clear legal right to a proper determination pursuant to R.C. 4123.59(D) of whether she satisfied the requirements to be considered dependent under the particular facts of this case as a member of the family of decedent, and the commission has a clear legal duty to make such determination. *See State ex rel. Lorain v. Stewart, Aud.*, 119 Ohio St.3d 222, 2008-Ohio-4062, ¶ 45 (finding clear legal duty where auditor failed to comply with statutory requirements); *OAPSE/AFSCME Local 4 v. Berdine*, 174 Ohio App.3d 46, 2007-Ohio-6061, ¶ 17 (8th Dist.) (finding that "statute places a clear legal duty upon the board to comply with [a] requirement" listed in its provisions).

{¶ 32} Nevertheless, we remand the case to the commission to consider, in the first instance, whether Carpenter meets the definition of "member of the family" and if so, the extent of dependency, in whole or in part. In so doing, the commission shall interpret R.C. 4123.59(D), specifically including the term "member of the family," consistent with this decision. The commission shall also consider the evidence that at the time of decedent's death, Carpenter was engaged to be married to decedent, had been in a committed relationship with decedent for the prior 11 years, was listed as decedent's fiancée on his

death certificate, had two children with decedent, owned property with decedent with joint rights of survivorship and was along with decedent responsible for mortgage payments on such property, and was jointly responsible with decedent for five different credit cards and payments on two vehicles. The commission shall also consider that Carpenter and decedent each held life insurance policies in which the other was named as the sole beneficiary as well as any other relevant evidence.

## III. Conclusion

{¶ 33} On review of the magistrate's decision, an independent review of the record, and due consideration of Carpenter's objections, we sustain Carpenter's first, second, and third objections. Accordingly, we adopt the magistrate's findings of fact but decline to adopt the magistrate's conclusions of law. We grant a limited writ of mandamus directing the commission to vacate its October 10, 2019 order and issue an order determining, consistent with law and this decision, whether under the particular facts of this case Carpenter has established that she is a member of the family pursuant to R.C. 4123.59(D) and 4123.95, and if so, the extent of dependency in whole or in part.

*Objections sustained;*
*limited writ of mandamus granted.*

BEATTY BLUNT and MENTEL, JJ., concur.

———————————————

APPENDIX


IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Christopher R. McDonald | : | |
| (Deed) c/o Amanda Carpenter (Dependent), | | |
| | : | |
| Relator, | | |
| | : | |
| v. | | No.  20AP-386 |
| | : | |
| Industrial Commission of Ohio et al., | | (REGULAR CALENDAR) |
| | : | |
| Respondents. | | |
| | : | |


M A G I S T R A T E ' S   D E C I S I O N

Rendered on April 13, 2021

---

*Graham & Graham Co., L.P.A.,* and *Robert G. McClelland*, for relator.

*Dave Yost,* Attorney General, and *Kevin J. Reis,* for respondent Industrial Commission of Ohio.

*Kegler, Brown, Hill & Ritter Co., LPA, David M. McCarty, Randall W. Mikes*, and *Jane K. Gleaves*, for respondent J & J Schlaegel, Inc.

---

IN MANDAMUS

**{¶ 34}** Relator, Christopher R. McDonald, deceased ("the decedent") c/o Amanda Carpenter ("Carpenter"), has filed this original action requesting this court issue a writ of mandamus ordering respondent, Industrial Commission of Ohio ("commission"), to vacate its order finding that Carpenter was not eligible for death benefits as being a

dependent of the decedent pursuant to R.C. 4123.59(D)(2) and issue an order finding that Carpenter is a dependent of the decedent.

Findings of Fact:

{¶ 35}     1. On April 8, 2019, the decedent, while in the course of and arising from his employment with respondent, J & J Schlaegel, Inc. ("employer"), was killed when a trench he was working in collapsed. The death claim was allowed.

{¶ 36}     2. Carpenter was engaged to the decedent at the time of his death, and the two had been in a relationship for the previous 11 years.

{¶ 37}     3. The decedent's death certificate indicated Carpenter was his fiancé.

{¶ 38}     4. Carpenter and the decedent had two children together: Hunter McDonald, who was born October 4, 2011, and Aubrey McDonald, who was born February 29, 2016.

{¶ 39}     5. Carpenter and the decedent jointly owned property with survivorship rights. They were jointly responsible for the mortgage.

{¶ 40}     6. Carpenter and the decedent shared joint credit cards.

{¶ 41}     7. Carpenter and the decedent were jointly responsible for two vehicle leases/loans.

{¶ 42}     8. Carpenter and the decedent each held life insurance policies that named the other as sole beneficiary.

{¶ 43}     9. The decedent earned approximately $84,000 per year. Carpenter worked approximately eight hours per week at a retail store, earning approximately $2,000 per year, and cared for the couple's children.

{¶ 44}     10. On April 9, 2019, an FROI-1 application was filed.

{¶ 45}     11. On April 23, 2019, Carpenter and the two minor children filed an application for death benefits.

{¶ 46}     12. On May 21, 2019, the Ohio Bureau of Workers' Compensation ("BWC") issued an order, in which it approved death benefits for the two minor children but denied Carpenter's request for a death benefit.

{¶ 47}     13. On May 24, 2019, Carpenter filed an appeal of the BWC order.

{¶ 48}     14. On June 18, 2019, the District Hearing Officer ("DHO") held a hearing.

{¶ 49}     15. On June 21, 2019, the DHO issued an order, in which she found, in pertinent part, the following: the May 21, 2019, order of the BWC is affirmed; the claim is allowed for death benefits; the two children were wholly dependent on decedent for support and are entitled to death benefits; Carpenter does not meet the definition of a wholly dependent person entitled to death benefits under R.C. 4123.59(D); Carpenter was not a surviving spouse under R.C. 4123.59(D)(1); the language of R.C. 4123.59(D)(2) has not been extended by case law to an unmarried person in a relationship with the decedent; *Blair v. Keller*, 16 Ohio Misc. 157 (1968), is not controlling in this case; and both R.C. 4123.59(D) and existing case law do not support that Carpenter is a wholly dependent person entitled to death benefits.

{¶ 50}     16. On July 1, 2019, Carpenter filed an appeal of the DHO's order.

{¶ 51}     17. On August 7, 2019, the Staff Hearing Officer ("SHO") held a hearing on Carpenter's appeal.

{¶ 52}     18. On August 15, 2019, the SHO issued an order, in which he found, in pertinent part, the following: the June 18, 2019, order of the DHO is vacated; Carpenter and the two children were dependent upon the decedent for support at the time of death and are entitled to weekly benefits; the May 21, 2019, BWC order is modified to the extent that Carpenter be awarded death benefits in addition to the two children; the April 9, 2019, FROI-1 application is granted; the claim for death benefits is granted; Carpenter and the decedent never married, and, thus, she is not entitled to the presumption of being wholly dependent on the decedent for support under R.C. 4123.59(D)(1) as a surviving spouse; the last paragraph in R.C. 4123.59(D) provides for the determination of actual dependency based upon the specific facts of each particular case; by using the conjunction "or" following "deceased employee," the General Assembly intended that members of the family are not limited to surviving spouse, lineal descendent, ancestor, or brother or sister; and in *Blair*, the court held that the decedent's fully supported stepchildren (who had never been adopted by the decedent) were "dependent members of the family" because they lived in the same house with the deceased and their mother (the decedent's wife) and enjoyed the privileges of the deceased and his wife. The SHO further found that, at the hearing, Carpenter stated she has been in a monogamous relationship with the decedent for the past 11 years; she has 2 children fathered by the decedent; she and the decedent had lived

together for the past 11 years and for the past 3 years they all lived as a family in a home they jointly owned; her name and the decedent's name appear on the mortgage documents; a car loan, car lease, and credit cards are in both her name and the decedent's name; she and the decedent each have life insurance policies naming the other as sole beneficiary; she and the decedent were engaged to be married and would have been married but for the decedent's death; the decedent's obituary lists her as his fiancé; she and the decedent relied on his income to pay bills while she worked only 8 part-time hours per week and stayed home the remainder of the week to take care of the couple's children; she still works these part-time hours and stays home the remainder of the time to care for the couple's children; and she is responsible for the above-mentioned loans. The SHO concluded that, despite not being entitled to the presumption of dependency contained in R.C. 4123.59(D)(1), Carpenter met her burden of proving that she was actually wholly dependent upon the decedent for support on the date of death because she was a "member of the family of the deceased employee" based upon the facts of the case.

{¶ 53}     19. On August 28, 2019, the administrator for the BWC appealed the SHO's decision, and the commission accepted the appeal on September 10, 2019.

{¶ 54}     20. On September 26, 2019, a hearing was held before the full commission.

{¶ 55}     21. On October 10, 2019, the commission issued an order, in which it found, in pertinent part, the following: the BWC's appeal is granted and the SHO's order is vacated; the death claim is allowed; the two children were dependent upon the decedent for support at the time of his death; Carpenter is not entitled to death benefits under the provisions of R.C. 4123.59(D), particularly including the last paragraph of R.C. 4123.59(D)(2); there is no presumption of dependency from Carpenter, as she and the decedent were never married and never applied for a marriage license; despite Carpenter's testimony regarding her relationship and joint financial assets and debts, common law marriages have been banned in Ohio since 1991, and Carpenter was not a dependent of the decedent as a "surviving spouse" under the Revised Code; case law has not extended the language of R.C. 4123.59(D)(2) to an unmarried person in a relationship with a decedent, such as is present in this claim; and *Blair* does not compel a contrary result, as the facts in that case are distinguishable.

{¶ 56}     22. On August 13, 2020, Carpenter filed a complaint for writ of mandamus, requesting that this court vacate the commission's order that denied her death benefits and enter an order granting the benefits.

Conclusions of Law and Discussion:

{¶ 57}     The magistrate recommends that this court deny Carpenter's writ of mandamus.

{¶ 58}     In order for this court to issue a writ of mandamus, a relator must ordinarily show a clear legal right to the relief sought, a clear legal duty on the part of the respondent to provide such relief, and the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Pressley v. Indus. Comm.*, 11 Ohio St.2d 141 (1967). A clear legal right to a writ of mandamus exists where the relator shows that the commission abused its discretion by entering an order which is not supported by any evidence in the record. *State ex rel. Elliott v. Indus. Comm.*, 26 Ohio St.3d 76 (1986). On the other hand, where the record contains some evidence to support the commission's findings, there has been no abuse of discretion and mandamus is not appropriate. *State ex rel. Lewis v. Diamond Foundry Co.*, 29 Ohio St.3d 56 (1987). Furthermore, questions of credibility and the weight to be given evidence are clearly within the discretion of the commission as fact finder. *State ex rel. Teece v. Indus. Comm.*, 68 Ohio St.2d 165 (1981).

{¶ 59}     R.C. 4123.59(B) provides for death benefits to be payable to "wholly dependent persons at the time of the death." R.C. 4123.59(D) provides:

> The following persons are presumed to be wholly dependent for their support upon a deceased employee:
>
> (1) A surviving spouse who was living with the employee at the time of death or a surviving spouse who was separated from the employee at the time of death because of the aggression of the employee;
>
> (2) A child under the age of eighteen years, or twenty-five years if pursuing a full-time educational program while enrolled in an accredited educational institution and program, or over said age if physically or mentally incapacitated from earning, upon only the one parent who is contributing more than one-half of the support for such child and with whom the child is living at the time of the death of such parent, or for whose maintenance such parent was legally liable at the time of the parent's death.

It is presumed that there is sufficient dependency to entitle a surviving natural parent or surviving natural parents, share and share alike, with whom the decedent was living at the time of the decedent's death, to a total minimum award of three thousand dollars.

The administrator may take into consideration any circumstances which, at the time of the death of the decedent, clearly indicate prospective dependency on the part of the claimant and potential support on the part of the decedent. No person shall be considered a prospective dependent unless such person is a member of the family of the deceased employee and bears to the deceased employee the relation of surviving spouse, lineal descendant, ancestor, or brother or sister. The total award for any or all prospective dependency to all such claimants, except to a natural parent or natural parents of the deceased, shall not exceed three thousand dollars to be apportioned among them as the administrator orders.

In all other cases, the question of dependency, in whole or in part, shall be determined in accordance with the facts in each particular case existing at the time of the injury resulting in the death of such employee, but no person shall be considered as dependent unless such person is a member of the family of the deceased employee, or bears to the deceased employee the relation of surviving spouse, lineal descendant, ancestor, or brother or sister.

{¶ 60} The court's primary goal of statutory construction "is to give effect to the General Assembly's intent." *Silver Lining Group EIC Morrow Cty. v. Ohio Dept. of Edn. Autism Scholarship Program*, 10th Dist. No. 16AP-398, 2017-Ohio-7834, ¶ 34, citing *State v. Banks*, 10th Dist. No. 11AP-69, 2011-Ohio-4252, ¶ 13, citing *State v. Hairston*, 101 Ohio St.3d 308, 2004-Ohio-969, ¶ 11. To determine legislative intent, the court looks to and gives effect to the statutory language without deleting or inserting words. *Bailey v. Republic Engineered Steels, Inc.*, 91 Ohio St.3d 38, 39-40 (2001). The statutory language must be considered in context, and the court must construe words and phrases "according to the rules of grammar and common usage." *Silver Lining Group* at ¶ 34, citing *Bartchy v. State Bd. of Edn.*, 120 Ohio St.3d 205, 2008-Ohio-4826, ¶ 16.

{¶ 61}     Where the words in a statute are " ' "free from ambiguity and doubt, and express plainly, clearly and distinctly, the sense of the law-making body, there is no occasion to resort to other means of interpretation." ' " *Silver Lining Group* at ¶ 34, quoting *Hairston* at ¶ 12, quoting *Slingluff v. Weaver*, 66 Ohio St. 621 (1902), paragraph two of the syllabus. " 'It is only where the words of a statute are ambiguous, uncertain in meaning, or conflicting that a court has the right to interpret a statute.' " *Id.* at ¶ 35, quoting *In re Adoption of Baby Boy Brooks*, 136 Ohio App.3d 824, 829 (10th Dist.2000). An ambiguity exists only "if the language of a statute is susceptible of more than one reasonable interpretation." *Id.*, citing *Columbus v. Mitchell*, 10th Dist. No. 16AP-322, 2016-Ohio-7873, ¶ 6. "R.C. 1.49 provides that when a statute is ambiguous, a court may consider 'other matters,' such as the object sought to be attained, the legislative history, the consequence of a particular construction, and the administrative construction of the statute." *State ex rel. Peregrine Health Servs. of Columbus, LLC v. Sears*, 10th Dist. No. 18AP-16, 2020-Ohio-3426, ¶ 30.

{¶ 62}     In *Peregrine*, we explained:

> Generally, where there is ambiguity, " '[a] reviewing court, in interpreting a statute, "must give due deference to an administrative interpretation formulated by an agency which has accumulated substantial expertise, and to which the legislature has delegated the responsibility of implementing the legislative command." ' " *Northside Amateur Boxing School Bingo Club v. Hamilton Cty. Gen. Health Dist.*, 184 Ohio App.3d 596, 2009-Ohio-5122, ¶ 17, 921 N.E.2d 1091 (10th Dist.), quoting *In re 138 Mazal Health Care, Ltd.*, 117 Ohio App.3d 679, 685, 691 N.E.2d 338 (10th Dist.1997), quoting *State ex rel. McLean v. Indus. Comm.*, 25 Ohio St.3d 90, 25 Ohio B. 141, 495 N.E.2d 370 (1986). Furthermore, "in order to sustain an agency's application of a statutory term, a reviewing court ' "need not find that its construction is the only reasonable one." ' " Id., quoting *138 Mazal Health Care* at 685, quoting *Udall v. Tallman*, 380 U.S. 1, 16, 85 S. Ct. 792, 13 L. Ed. 2d 616 (1965), superseded by statute on other grounds, quoting *Unemp. Comp. Comm. of Territory of Alaska v. Aragon*, 329 U.S. 143, 67 S. Ct. 245, 91 L. Ed. 136, 11 Alaska 236 (1946). In the administrative law context, unless an administrative agency's interpretation of a statute that it has a duty to enforce is unreasonable, it will not be reversed. *Warren v. Morrison*, 2017-Ohio-660, ¶ 10, 85 N.E.3d 394, citing *State ex rel. Clark v. Great Lakes Constr. Co.*, 99 Ohio St.3d 320, 2003-Ohio-3802, ¶ 10, 791 N.E.2d 974, citing *Northwestern Ohio Bldg. & Constr. Trades Council*, 92 Ohio St.3d at 287. Thus, if the administrative agency's

> interpretation is reasonable and consistent with the underlying legislative intent, this court must defer to the agency's interpretation and uphold it. Id., citing *Oyortey v. State Med. Bd. of Ohio*, 10th Dist. No. 12AP-431, 2012-Ohio-6204, ¶ 17, 986 N.E.2d 450.

*Id.* at ¶ 41.

{¶ 63} In the present matter, Carpenter argues that the commission abused its discretion when it found she was not eligible for death benefits as being wholly dependent on the decedent pursuant to R.C. 4123.59(D)(2). Carpenter agrees that she is not a presumed wholly dependent person pursuant to any provisions in R.C. 4123.59(D), because she and the decedent were not married. However, she claims that R.C. 4123.59(D)(2) provides for the need of the commission to delve into factfinding in the event there is an application for death benefits from a non-presumptive applicant claiming to be wholly dependent upon a deceased employee. She cites to the first clause in the last paragraph that, "in all other cases, the question of dependency, in whole or in part, shall be determined in accordance with the facts in each particular case existing at the time of the injury resulting in the death of such employee." R.C. 4123.59(D)(2). She then cites to the second clause in the same paragraph that provides, "but no person shall be considered as dependent unless such person is a member of the family of the deceased employee, or bears to the deceased employee the relation of surviving spouse, lineal descendent, ancestor, or brother or sister." *Id.*

{¶ 64} In reading the plain language of the statute, Carpenter claims she is entitled to benefits as a "member of the family of the deceased employee" and as a wholly dependent person who "bears to the deceased employee the relation of surviving spouse, lineal descendent, ancestor, or brother or sister." First, she contends she is a member of the decedent's family because she was in a longstanding, 11-year relationship with the decedent, they were engaged to be married, and she was living with decedent and their two minor children as a family unit. In support of her definition of "member of the family," she relies upon the Ohio Family Trust Company Act, R.C. 1112.01, which defines "family members" as those who are a "spousal equivalent," which is defined as a cohabitant occupying a relationship generally equivalent to that of a spouse. She also relies upon the domestic violence code section R.C. 2919.25, which defines "family or household member" as a spouse, a person living as a spouse, or a former spouse of the offender and also the

natural parent of any child of whom the offender is the other natural parent or is the putative other natural parent. She points out that the domestic relationship chapter of definitions in R.C. 3113.33 cites the same definition. Furthermore, Carpenter relies upon *Blair*, in which the Wood County Court of Common Pleas found that, under R.C. 4123.59(D)(2), the employee's stepchildren were "members of the family" because R.C. 4123.59(D)(2) does not require any child or adult be related to the deceased but only that the person lived with the decedent and was dependent upon the decedent.

{¶ 65}     With regard to the second clause in the last paragraph of R.C. 4123.59(D)(2), Carpenter claims she "bears to the deceased employee the relation of surviving spouse." She asserts that this second clause does not concern those who are a surviving legal spouse but those who are eligible by proving that they bear a relationship "akin to" a surviving spouse, and she has proven such. She also argues that the commission's reference to the prohibition of common law marriage in Ohio since October 1991 has no bearing on R.C. 4123.59(D)(2), which has an effective date of October 20, 1993, and has been amended several times since.

{¶ 66}     After a review of the language of R.C. 4123.59(D)(2), the magistrate finds it does not confer the right to benefits upon Carpenter. The language "member of the family of the deceased employee" is not defined by the statute and is clearly ambiguous. As Carpenter points out, "family member" and "member of the family" have been defined in various ways in different statutes, and a review of case law reveals similar varied meanings in other legal settings. *See, e.g., Nationwide Mut. Fire Ins. Co. v. Turner*, 29 Ohio App.3d 73, 74-75 (8th Dist.1986), *overruled on other grounds* in *Westfield Ins. Co. v. Hunter*, 128 Ohio St.3d 540, 2011-Ohio-1818 (in the context of an insurance case, finding that the meaning of the word "family" necessarily depends on the field of law in which the word is used, the purpose to be accomplished by its use, and the facts and circumstances of the case; finding what is meant by "family" is difficult to determine; finding "family" has been variously defined as referring to parents and their children, a collective body of persons who live under one roof and under one head or management, as connoting some relationship of blood or otherwise, or as a household, citing *Black's Law Dictionary* (5th Ed.1979) 543-544; and ultimately concluding "family" is not limited to blood relatives and includes a son-in-law living in the same household); *Seman v. State Med. Bd. of Ohio*, 10th Dist. No. 19AP-

613, 2020-Ohio-3342 (in the context of a state medical board case, Ohio Adm.Code 4731-11-08(C) defines "family member" as a spouse, parent, child, sibling or other individual in relation to whom a physician's personal or emotional involvement may render that physician unable to exercise detached professional judgment in reaching diagnostic or therapeutic decisions); *Lowe v. Farmers Ins. of Columbus, Inc.*, 8th Dist. No. 105558, 2017-Ohio-8406, ¶ 11 (in the context of an insurance case, the policy defined "family member" as a person related by blood, marriage, or adoption and who is a resident of the same household); *State v. West*, 10th Dist. No. 06AP-114, 2006-Ohio-5095 (in the context of a domestic violence case, a family member is defined to include a person living as a spouse of the offender pursuant to R.C. 2919.25(F)(1)(a)(i), and a person living as a spouse is defined as a person who is living with the offender or otherwise cohabiting with the offender, pursuant to R.C. 2919.25(F)(2)); *Jankowski v. Key Trust Co.*, 6th Dist. No. L-00-1310 (June 8, 2001) (in the context of a case in which a member of a family provides services to another member during that person's lifetime and is seeking compensation for such services, a person is a "member of the family" if there is mutuality of benefits, i.e., reciprocal benefit to both parties in the way of care, companionship, and services, either personal or financial); *Jones v. Brookfield Twp. Trustees*, 11th Dist. No. 92-T-4692 (June 30, 1995) (in the context of a case concerning the qualification of a member of a board of trustees to vote on the future employment of a potential "family member," court followed the Ohio Ethics Commission definition of "family member" and found that unless a person is a grandparent, parent, spouse, child (whether dependent or not), grandchild, or brother or sister, that person will not be considered a "family member" for purposes of R.C. 2921.42(A)(1) unless the person is related by blood or marriage to the official and resides with the official); *Traub v. Johnson*, 12th Dist. No. CA93-01-006 (July 6, 1993) (in the context of a zoning code case, the reference to "member of the family" is limited to a person or persons who reside on the premises and is related within the first degree of kinship to the owner or principal tenant of the premises); *In re Estate of Cummins*, 61 Ohio Misc.2d 579, 581 (1991) (in the context of an estate taxes case, R.C. 5731.011(A)(2) defined "member of decedent's family" as only the decedent's ancestor or lineal descendant, a lineal descendant of any of the decedent's grandparents, the decedent's spouse, the spouse of any such descendant, or a stepchild or foster child of the decedent). These differing definitions

have the possibility of reasonably applying to the present statute. Because the statutory language here is susceptible of more than one reasonable interpretation, this court may interpret the statute and consider other matters, such as administrative interpretation.

{¶ 67} The commission found that an unmarried partner of the decedent is not considered a "member of the family," even if the two share financial assets and obligations, live in the same household, are engaged to be married, and share biological children. This interpretation is reasonable, given the definitions used for "member of the family" and "family member" in other legal settings are limited to legal spouses, as shown in some of the above citations. Although the magistrate finds Carpenter's definition is reasonable, as well, the commission's construction need not be the only reasonable construction in order to be applied. Carpenter has provided no evidence that the commission's definition is inconsistent with the legislative intent of the provision, and under such circumstances the magistrate will defer to the commission's interpretation of the statute it has been legislatively granted the duty to carryout and enforce.

{¶ 68} Although in the present case, Carpenter relies upon definitions for "member of the family" and "family member" from other areas of law, workers' compensation law is a unique area of law whose boundaries are defined by statute. *Lake Erie Constr. Co. v. Indus. Comm.*, 10th Dist. No. 88AP-894 (Apr. 5, 1990). "It has its 'own individual characteristics' and should be interpreted 'in the light of its own purpose, provisions, and merit.' " *Id.,* quoting Young, *Ohio Workmen's Compensation Law*, 1. The purpose of the Workmen's Compensation Act is to protect the rights of the employee and the integrity of the State Insurance Fund. *Id.,* citing *Taylor v. Keller*, 6 Ohio St.2d 9, 13 (1966). Given these unique characteristics and purposes of the workers' compensation system, any attempt to borrow the definitions from family law, criminal law, trusts law, and insurance law should be undertaken with considerable scrutiny and care. Carpenter's picking and choosing definitions from other areas of law that agree with her interests in the present case is insufficient without further evidence that those selected definitions are consistent with the legislature's intent.

{¶ 69} Furthermore, in the present case, the commission found *Blair* distinguishable, as it undoubtedly is, because it addressed R.C. 4123.59(D)(2) in the context of granting death benefits to stepchildren and not unmarried partners. However, despite

this key difference, the analysis in *Blair* does lend some support to Carpenter's interpretation of R.C. 4123.59(D)(2). In *Blair*, the deceased employee had four stepchildren whom he had never adopted, but he had fully supported them since the time of the marriage of the deceased to the mother of the children, they lived in the same house with the deceased and their mother, ate at the table of the deceased, and enjoyed the privileges of the deceased and his wife. The court in *Blair* found the children were "members of the family" of the deceased employee, as that term is used in everyday life and in accordance with the numerous definitions found in any dictionary. The court noted that, perhaps, the fact that these four persons were children under the age of sixteen beclouded the issue, but, nevertheless, it was of the opinion that a person need not be related to the deceased under R.C. 4123.59(D)(2). The court reasoned that after the words "deceased employee," there was a comma and then the conjunction "or"; thus, that means the person need not bear the relation to the deceased of husband or widow, lineal descendant, ancestor, or brother or sister. The court found that it "may" be that the legislature intended that any person, adult or child, who lived with the decedent and was dependent upon him for support and was a member of his family, such as a mentally deficient person, a crippled person, an old-age person taken in by the deceased, whether adult or child, would be entitled to participate in the Workers' Compensation funds. The court further stated if "member of the family" means anything, then it certainly covers these four children.

{¶ 70}     Nevertheless, *Blair* has some deficiencies. The court in *Blair* admitted that its analysis might be biased by the fact that the potential beneficiaries were four children. The court's later statement that "if ['members of the family'] means anything, then it certainly covers these four children," hints at such a bias and potentially limits its persuasive value. Furthermore, given that *Blair* is a 52-year-old case from a common pleas court and has never been relied upon by any other court for any reason, its persuasiveness and precedential value are diminished. Here, the reasonable interpretation by the commission, the very agency legislatively tasked with determining the viability of workers' compensation claims in Ohio, carries more weight under these circumstances.

{¶ 71}     With regard to the clause "bears to the deceased employee the relation of surviving spouse," Carpenter fails to cite any persuasive argument or authority that this court should read "bears * * * the relation of surviving spouse" as "bears * * * [a] relation

[akin to a] surviving spouse." To add such words and meaning with no indication that the clause is meant to mean anything beyond the plain, everyday definition of "the relation of surviving spouse" is beyond the bounds of statutory construction. This argument is particularly dubious because reading "akin to a" into the provision makes little sense when applied to the subsequent named relationships of lineal descendant, ancestor, brother, or sister. Furthermore, although Carpenter questions the commission's reference to the fact that common law marriage in Ohio has been prohibited since October 1991, the commission's point is well-taken. To place a non-married partner in the same position as a legal spouse and provide the same financial benefits to both would seemingly contradict the legislature's explicit proscription of common law marriage. Although not conclusively determinative of the issue, the commission's general point is, nonetheless, reasonable.

{¶ 72}     Accordingly, it is the magistrate's recommendation that this court should deny Carpenter's complaint for writ of mandamus.

/S/ MAGISTRATE
THOMAS W. SCHOLL III

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).