## KLOKER v INDUST. COMM.

Ohio Appeals, 2nd Dist. Clark Co.

No. 396. Decided May 11, 1940.

Cowan, Adams & Adams, Columbus; William A. Bilikam, Jr., Springfield, for plaintiff-appellee.

Thomas J. Herbert, Attorney General, Columbus; E. P. Felker, Asst. Attorney General, Columbus, for defendant-appellant.

## OPINION

By HORNBECK, PJ.

Submitted on application of appellee for rehearing.

We are definitely of opinion that counsel were in agreement that when the Welsh v Industrial Commission decision, 136 Oh St 387, was released, the the judgment would be decisive of the instant case.

When the Welsh opinion was released we accepted the third proposition of the syllabus therein as controlling of the law in this case. However, upon an examination of the brief of counsel for appellee on the application for rehearing we are of opinion that such.

differentiation must be made between the facts in the two cases as to require a rehearing and an affirmance of the judgment in this case.

In the Welsh case both the Common Pleas and the Appellate Courts had found as a matter of fact that Agnes Welsh, who was living with Welsh, the deceased employee, at the time of his death, was not his lawful wife, but the wife of a man by the name of Salisbury, and further that the child whom it was claimed was a dependent of Welsh was not his child but the child of Salisbury. In this case Blaney, the deceased employee, married the mother of plaintiff, who was then a widow. Upon the marriage and for years thereafter the decedent lived with his wife and made a home for her and her child. decedent's step-child, and at all times provided for both of them. The plaintiff was in all particulars treated and considered as decedent's own child. The question then arises, was he a member of the family of the deceased employee. There can be no doubt that he was dependent upon decedent. Thus, there is a marked contrast in the relation between Welsh and the woman with whom he lived and her child whom it was claimed was his dependent, and the plaintiff in this case, his mother, and the decedent, who in a group maintained what is commonly recognized in society as an approved family relationship.

Sec. 1465-82 GC, fixing the extent of benefits and naming those who may be entitled thereto in case of death, contemplates payments to those who were at the time of the death of the employee in the status of dependents. In paragraph 4 there are set out in terms those who shall be presumed to be wholly dependent for support upon a deceased employee, among whom are,

"(B) A child or children under the age of sixteen years (or over said age if physically or mentally incapacitated from earning) upon the parent with whom he is living at the time of the death of such parent, or for whose maintenance such parent was legally liable at the time of his death.

"(B) The Commission may take into consideration any circumstances which, at the time of the death of the decedent, clearly indicate prospective dependency on the part of the claimant and potential support on the part of the decedent; provided that no person shall be considered a prospective dependent unless **a member of the family of the deceased employee,** and bears to him the relation of husband, or widow, lineal descendant, ancestor or brother or sister; * * *."

It is worthy of notice that in that portion of the section authorizing the Commission to make an award for prospective dependency, it is necessary not only that a prospective dependent be found to be a member of the family of the deceased employee, but that he also bear to him the relation of husband, or widow, lineal descendant, ancestor or brother or sister; whereas, in the subsequent portion of the section authorizing the Commission to make an award to other dependents it is not necessary that dependency and the relationship of lineal descendant shall both obtain. This, to us, marks a differentiation which will permit a member of the family in the latter instance to be one other than a lineal descendant of the deceased employee.

In this situation clearly the plaintiff in the instant case was a member of the family of the deceased employee, and as he clearly was dependent upon the deceased employee, and he had recognized the obligation to support the plaintiff, he would come within the terms of the statute and be entitled to an award by the Commission.

It is our judgment that "member of the family" will include the plaintiff, in view of the terminology of the section, and particularly that part to which we have directed attention.

The liberal construction that a step-child and others than blood relatives may be considered a member of the family has been adopted many times in

jurisdictions outside of the State of Ohio:

Schusler v Ind. Comm. (Utah). 43 P. (2nd.) 696-698. Statute same as ours.

Duluth-Superior Millings Co. v Ind. Comm. (Wis.) 275, N. W. 515-519. Statute same as ours. Deceased employee named Blaney.

Utah Fuel Co. v Ind. Comm. (Utah.) 64 P. (2nd.) 1287-1289.

Holmberg v Cleveland-Cliffs Iron Co. (Mich.) 189 N. W. 26.

Owens v Altsheller & Co., 93 S. W. (2nd.) 844-846.

Moore's case (Mass.) 3 N. E. (2nd.) 5.

We have no disposition to disregard the authority of Welsh v The Industrial Commission, supra, but believe that it may be distinguished in principle from this case.

In view of the fact that three members of the Court refused to join in the judgment in the Welsh case, it is at least within the realm of probability that a majority of that Court would conclude that the plaintiff in this case was entitled to an award because a dependent member of the family of the deceased employee.

The judgment will be affirmed.

GEIGER and BARNES, JJ., concur.