BLAIR, APPELLANT, *v.* KELLER, ADMR., BUREAU OF WORKMEN'S COMPENSATION ET AL., APPELLEES.

No. 39163—Decided October 27, 1967.)

Common Pleas Court of Wood County.

*Messrs. Reddin, Reddin & Reddin,* for plaintiff.
*Mr. George N. Fell,* for defendant-administrator.

COLLER, J.   For the purpose of this action the parties agree that:

1. Plaintiff is the widow of Douglas K. Blair, deceased.

2. On February 19, 1966, the decedent married the plaintiff, a widowed mother of four small children: Sandra Fitzwater, Timothy Allen Fitzwater, Tom Fitzwater and John Fitzwater.

3. Decedent made a home for plaintiff and his four stepchildren and was their sole support at the time of his death.

4. Plaintiff and decedent had talked of decedent's legally adopting his stepchildren, but no proceedings for this purpose had been instituted at the time of his death.

5. Plaintiff bore decedent a child, Douglas Keith Blair, December 12, 1966, about two months after decedent's death.

**158**

6. The decedent, Douglas K. Blair, was an employee of the S. E. Johnson Co., an Ohio corporation with its principal office at Maumee, Ohio.

7. On October 5, 1966, the decedent sustained fatal bodily injuries in the course of his employment as a stone conveyor operator at state of Ohio Project 177 (1966), Wood County, Ohio, when a stone truck backed into him at the construction site, knocking him down and crushing his head and chest.

8. Plaintiff duly filed with the Industrial Commission of Ohio her claim for compensation in what is known in their files as Claim No. 2474870, the S. E. Johnson Co. being a contributor to the workmen's compensation fund of Ohio.

9. On February 21, 1967, the Administrator of the Bureau of Workmen's Compensation made findings, received March 15, 1967, granting a death award to plaintiff and decedent's posthumous child, Douglas Keith Blair, share and share alike, but denying an award to decedent's stepchildren on the ground that they could not be classed as dependents because they had not been adopted.

10. March 23, 1967, plaintiff filed an application for reconsideration on the ground that the administrator's finding denying an award to decedent's stepchildren is contrary to law and the stepchildren need not be adopted to participate in the workmen's compensation fund.

11. July 7, 1967, the administrator made a finding, received July 15, 1967, denying plaintiff's application for reconsideration and affirming the order of February 21, 1967.

12. Pursuant to Section 4123.519, Revised Code, plaintiff filed a notice of appeal with the Industrial Commission of Ohio and the Court of Common Pleas of Wood County, Ohio, Docket No. 39163.

13. Plaintiff filed her petition and supporting brief August 23, 1967, setting forth her contention that the finding of the administrator denying an award to decedent's stepchildren is contrary to law.

14. The sole issue herein is the interpretation of Sec-

tion 4123.59, Revised Code, and particularly the first sentence of the last paragraph reading:

"In all other cases, the question of dependency, in whole or in part, shall be determined in accordance with the facts in each particular case existing at the time of the injury resulting in the death of such employee, but no person shall be considered as dependent unless such person is a member of the family of the deceased employee, or bears to him the relation of husband or widow, lineal descendant, ancestor, or brother or sister."

Or, in other words, are decedent's stepchildren dependent members of the family entitled to participate in the workmen's compensation fund?

The parties herein agree to submit the issue to the court on this agreed statement of facts, the pleadings and briefs without a hearing.

(No. 39163—Decided June 10, 1968.)

COLLER, J. It is admitted that the four children in question were children of the widow of the deceased. They were not children of the deceased, legitimate or illegitimate, nor had they ever been adopted by the deceased. They had, however, been fully supported by the deceased since the time of the marriage of the deceased to the mother of the children. They lived in the same house with the deceased and their mother, ate at the table of the deceased and enjoyed the privileges of the deceased and his wife. There can be no question, therefore, that they were "members of the family" of the deceased employee, as that term is used in everyday life and in accordance with the numerous definitions found in any dictionary.

These children clearly do not come within the first three paragraphs of subsection D-2 of Section 4123.59, Revised Code.

They were not legitimate children of the deceased, they were not illegitimate children of the deceased, nor were they adopted by the deceased.

The sole question, therefore, is do these children

160

come within the fourth paragraph of said subsection D-2? Perhaps the fact that these four persons were children under the age of sixteen is beclouding the issue. Under that paragraph, this court is of the opinion that a person need not be in any way related to the deceased. After the words "deceased employee" we find a comma and then the conjunction "or." That, in the opinion of the court, means they need not bear the relation to the deceased of "husband or widow, lineal descendant, ancester, or brother or sister." It may be under that paragraph that the Legislature intended that any person, adult or child, who lived with the decedent and was dependent upon him for support and a member of his family, such as a mentally deficient person, a crippled person, an old-age person taken in by the deceased, whether adult or child, would be entitled to participate in the Workmen's Compensation funds.

In this case, therefore, the court finds that the children do come within the first sentence of the fourth paragraph of subsection D-2 of Section 4123.59, Revised Code, as being dependent upon the deceased as members of his family, and should participate in the Workmen's Compensation Fund. If the first part of that paragraph means anything, then it certainly covers these four children. Otherwise, why did the Legislature include it in said Section 4123.59, Revised Code?

This case should be taken to the Court of Appeals and if the Court of Appeals reverses this court, it should be taken by the parties to the Supreme Court or certified by the Court of Appeals as being contrary to the *Kloker case* in 31 Ohio Law Abs. 628.