[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. McDonald v. Indus. Comm.*, Slip Opinion No. 2023-Ohio-1620.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2023-OHIO-1620

THE STATE EX REL. MCDONALD [DECEASED], C/O CARPENTER (DEPENDENT), APPELLEE, *v.* INDUSTRIAL COMMISSION OF OHIO, APPELLANT, ET AL.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. McDonald v. Indus. Comm.*, Slip Opinion No. 2023-Ohio-1620.]

*Workers' compensation—R.C. 4123.59(D)—Death benefits—Industrial Commission must determine whether a claimant who was not married to the deceased employee at the time of the injury that resulted in the employee's death but who seeks workers' compensation death benefits was a member of the deceased employee's family under R.C. 4123.59(D) and, if so, the extent of the claimant's dependency—Judgment affirmed.*

(No. 2022-0143—Submitted January 10, 2023—Decided May 17, 2023.)

APPEAL from the Court of Appeals for Franklin County,

No. 20AP-386, 2021-Ohio-4494.

_____

**Per Curiam.**

{¶ 1} Appellee, Amanda Carpenter, filed a request for death benefits after her fiancé, Christopher R. McDonald, died in an industrial accident. Appellant, the Industrial Commission of Ohio, denied Carpenter's request because she was not McDonald's surviving spouse. Carpenter brought this action in McDonald's name, asking the Tenth District Court of Appeals for a writ of mandamus ordering the commission to reverse its decision. The Tenth District concluded that although she was not McDonald's surviving spouse, Carpenter could potentially qualify for death benefits as a member of McDonald's family. The court issued a limited writ directing the commission to vacate its order and to determine whether Carpenter was a member of McDonald's family under R.C. 4123.59(D) and, if so, the extent of her dependency. The commission appealed. We affirm the Tenth District's judgment.

## I. BACKGROUND

{¶ 2} McDonald died in April 2019 in a ditch collapse while working for J & J Schlaegel, Inc. Carpenter, the mother of McDonald's two minor children, applied to the Bureau of Workers' Compensation for death benefits on behalf of the children and herself. Carpenter identified herself on the application as McDonald's fiancée. She also submitted an affidavit in which she averred the following: she had been in a relationship with McDonald for 11 years; she is the mother of his two children; she and McDonald had owned real property jointly with a right of survivorship; they had been jointly responsible for the mortgage on the real property; they had been jointly liable for several credit-card accounts and vehicle leases or payments; they each had life-insurance policies naming the other as the sole beneficiary; she worked part-time, roughly eight hours per week; McDonald had provided the primary financial support for her and for their children; and they had been "engaged to be married and had every intention of being married if not for this accident."

{¶ 3} R.C. 4123.59 provides that workers' compensation death benefits are payable to persons who were dependent for their support—in whole or in part—on a deceased employee. The statute identifies who is "presumed to be wholly dependent," including a "surviving spouse who was living with the employee at the time of death," and who may be considered a "prospective dependent," including a surviving spouse who is not presumed to have been dependent. R.C. 4123.59(D). The question of dependency in all other cases—i.e., cases in which dependency is neither presumed nor prospective—"shall be determined in accordance with the facts in each particular case * * *, but no person shall be considered as dependent unless such person is a member of the family of the deceased employee, or bears to the deceased employee the relation of surviving spouse, lineal descendant, ancestor, or brother or sister." *Id.*

{¶ 4} In this case, a district hearing officer awarded death benefits to the children but denied them to Carpenter. Carpenter appealed, and a staff hearing officer ("SHO") awarded her death benefits as well. The SHO found that "despite not being entitled to the presumption of dependency" as a surviving spouse, Carpenter had "met her burden of proving that she was actually wholly dependent upon the Decedent for support * * * because she was a 'member of the family of the deceased employee' based upon the * * * specific facts of this case." The bureau appealed.

{¶ 5} The commission vacated the SHO's order and denied death benefits to Carpenter. The commission found that Carpenter was not dependent on McDonald as a surviving spouse, because she and McDonald were never married and because common-law marriage has been abolished in Ohio since 1991. The commission also stated that "case law has not extended the language of R.C. 4123.59(D)(2) to an unmarried person in a relationship with a decedent, such as is present in this claim. Consideration of *Blair v. Keller*, 16 Ohio Misc. 157, 241

N.E.2d 767 (C.P.1968) does not compel a contrary result, as the facts in that case are distinguishable."[1]

{¶ 6} Carpenter filed this mandamus action, asking the Tenth District for a writ ordering the commission to reverse its decision and award her death benefits. The Tenth District concluded that because the last paragraph of R.C. 4123.59(D) says that a dependent can be "a member of the family of the deceased employee" *or* a person that "bears to the deceased employee the relation of surviving spouse, lineal descendant, ancestor, or brother or sister," Carpenter could potentially qualify for death benefits as a member of McDonald's family, even though she was not his surviving spouse. 2021-Ohio-4494, 182 N.E.3d 482, ¶ 17-19, 31. The Tenth District granted a limited writ, directing the commission to vacate its order and issue a new order determining "whether under the particular facts of this case Carpenter has established that she is a member of the family pursuant to R.C. 4123.59(D) and 4123.95,[2] and if so, the extent of dependency in whole or in part." (Footnote added.) *Id*. at ¶ 33. The commission appealed.[3]

## II. LEGAL STANDARDS

### A. *Mandamus*

{¶ 7} On direct appeal of a mandamus action originating in the court of appeals, we review the judgment as if the action had been originally filed here. *State ex rel. Pressley v. Indus. Comm.*, 11 Ohio St.2d 141, 228 N.E.2d 631 (1967), paragraph ten of the syllabus. The commission's denial of death benefits based on its determination that the claimant was not a dependent of a deceased employee

---

1. In *Blair*, a common pleas court held that the deceased employee's unadopted stepchildren were entitled to death benefits as members of the decedent's family under the last paragraph of R.C. 4123.59(D). *Blair* at 159-160.

2. R.C. 4123.95 provides that the Workers' Compensation Act "shall be liberally construed in favor of employees and the dependents of deceased employees."

3. J & J Schlaegel, Inc., filed a "Brief of Appellee." Its position, however, is aligned with that of the commission.

does not "concern[] the causal connection between injury, disease, or death and employment" and, as such, is not appealable. *See State ex rel. Liposchak v. Indus. Comm.*, 90 Ohio St.3d 276, 281, 737 N.E.2d 519 (2000); R.C. 4123.512(A). Because she has no adequate remedy in the ordinary course of the law, Carpenter is entitled to a writ of mandamus if she shows by clear and convincing evidence that she has a clear legal right to the requested relief and that the commission has a clear legal duty to provide it. *See State ex rel. Zarbana Industries, Inc. v. Indus. Comm.*, 166 Ohio St.3d 216, 2021-Ohio-3669, 184 N.E.3d 81, ¶ 10. To do so, Carpenter must demonstrate that the commission "abused its discretion in carrying out its duties." *See State ex rel. Sheppard v. Indus. Comm.*, 139 Ohio St.3d 223, 2014-Ohio-1904, 11 N.E.3d 231, ¶ 12. Carpenter maintains that the commission's application of R.C. 4123.59(D) was an abuse of discretion.

### B. R.C. 4123.59(D)

{¶ 8} The commission may grant or deny death benefits based on a claimant's dependent status as outlined in R.C. 4123.59(D), which provides:

> The following persons are *presumed to be wholly dependent* for their support upon a deceased employee:
>
> (1) A surviving spouse who was living with the employee at the time of death or a surviving spouse who was separated from the employee at the time of death because of the aggression of the employee;
>
> (2) A child under the age of eighteen years, or twenty-five years if pursuing a full-time educational program while enrolled in an accredited educational institution and program, or over said age if physically or mentally incapacitated from earning * * *.
>
> It is presumed that there is sufficient dependency to entitle a surviving natural parent or surviving natural parents, share and share

5

alike, with whom the decedent was living at the time of the decedent's death * * *.

The administrator may take into consideration any circumstances which, at the time of the death of the decedent, clearly indicate *prospective dependency* on the part of the claimant and potential support on the part of the decedent. *No person shall be considered a prospective dependent unless* such person is a member of the family of the deceased employee *and* bears to the deceased employee the relation of surviving spouse, lineal descendant, ancestor, or brother or sister. * * *

*In all other cases*, the question of dependency, in whole or in part, shall be determined in accordance with the facts in each particular case existing at the time of the injury resulting in the death of such employee, but *no person shall be considered as dependent unless* such person is a member of the family of the deceased employee, *or* bears to the deceased employee the relation of surviving spouse, lineal descendant, ancestor, or brother or sister.

(Emphasis added.)

### III.  ANALYSIS

{¶ 9} The last paragraph of R.C. 4123.59(D) applies to claims for death benefits brought by persons who are not entitled to a presumption of dependency. For example, even a surviving spouse may not be presumed wholly dependent if, at the time of the employee's death, the surviving spouse was not living with the employee and was not separated from the employee because of the employee's aggression.  *See* R.C. 4123.59(D)(1).  For persons who are not entitled to the presumption of dependency, the last paragraph of R.C. 4123.59(D) instructs that

6

actual dependency, in whole or in part, must be determined according to the facts that existed at the time of the injury that resulted in the employee's death.

{¶ 10} The last paragraph of R.C. 4123.59(D) sets forth two categories of potential dependents: (1) "a member of the family of the deceased employee" *or* (2) a person who "bears to the deceased employee the relation of surviving spouse, lineal descendent, ancestor, or brother or sister." *Id*. The legislature conspicuously used the disjunctive "or" instead of the conjunctive "and," which it used in the nearly identical sentence in the immediately preceding paragraph regarding prospective dependency. Thus, marital status is not determinative of whether a person is eligible to receive death benefits under the last paragraph of R.C. 4123.59(D)—*any* person may be eligible if it is determined that the person is "a member of the family of the deceased employee" under the facts of the particular case. However, the phrase "member of the family" is not defined in the Workers' Compensation Act.

{¶ 11} In denying death benefits to Carpenter, the commission did not consider or determine whether she was a member of McDonald's family. Relying on the fact that Carpenter is not a surviving spouse, the commission stated that "case law has not extended the language of R.C. 4123.59(D)[] to an unmarried person [who was] in a relationship with [the deceased employee]." The commission argues that for over 80 years, the law in Ohio has been that a legal marriage is required. The commission also emphasizes that common-law marriage is no longer recognized under Ohio law. *See* R.C. 3105.12(B)(1).

{¶ 12} In support of its position, the commission relies on two opinions that were decided early in the history of Ohio's workers' compensation system: *Indus. Comm. v. Dell*, 104 Ohio St. 389, 135 N.E. 669 (1922), and *Evans v. Indus. Comm.*, 166 Ohio St. 413, 143 N.E.2d 705 (1957). Both cases involved acts of bigamy: the deceased employees had married, abandoned their spouses, and then married another person without divorcing their first spouses. *Dell* at 390-392; *Evans* at 413.

This court concluded that the party claiming the validity of the second marriage must overcome the presumption that a lawful first marriage continues. *Dell* at paragraph three of the syllabus; *Evans* at 414. Because the second wife in each of these cases did not overcome that presumption, she was not entitled to death benefits as a surviving spouse under R.C. 4123.59 (or its nearly identical General Code precursor, former G.C. 1465-82). *Dell* at 403-405; *Evans* at 414.

{¶ 13} In *Dell*, motivated by the "much-discussed divorce evil," this court declared that it should not "encourage marriage between comparative strangers without any inquiry by either into the past life or antecedents of the other." *Dell* at 404-405. In *Evans*, this court pronounced that " 'dependency' under the Workmen's Compensation Act [does] not encompass[] relationships not recognized by law," relying primarily on cases that refused to classify children as dependents when born to a person who was not legally married to the deceased employee. *Evans* at 414. For instance, *Evans* pointed to *Staker v. Indus. Comm.*, 127 Ohio St. 13, 186 N.E. 616 (1933), paragraph one of the syllabus, in which this court held that "[a]n illegitimate, posthumous child, unacknowledged by its putative father, is not a dependent child" under the Workers' Compensation Act.

{¶ 14} The considerations discussed in *Dell* and *Evans* of legitimacy and "divorce evil" do not derive from the statutory language, however, and this court did not apply the language of the last paragraph in R.C. 4123.59(D) pertaining to "a member of the family." Therefore, neither case speaks to or controls the question at hand. Instead, contrary to the commission, we find the analysis in *Blair*, 16 Ohio Misc. 157, 241 N.E.2d 767, relevant and persuasive.

{¶ 15} In *Blair*, a common pleas court found that four stepchildren of the deceased employee were "members of his family" who were entitled to death benefits. *Id.* at 159-160. Although the deceased employee had never adopted his stepchildren, they had "been fully supported by the deceased since the time of the marriage of the deceased to the mother of the children. They lived in the same

house with the deceased and their mother, ate at the table of the deceased and enjoyed the privileges of the deceased and his wife." *Id*. at 159. The court noted the legislature's use of a comma and the word "or" in the last paragraph of R.C. 4123.59(D), and it reasoned that to qualify as a dependent under that statutory provision, "a person need not be in any way related to the deceased" and "need not bear the relation to the deceased of 'husband or widow, lineal descendant, ancestor, or brother or sister.' " *Id*. Instead, the court observed that the legislature may have "intended that any person, adult or child, who lived with the decedent and was dependent upon him for support and a member of his family, such as a [person with a physical or intellectual disability or an elderly] person taken in by the deceased, * * * would be entitled to participate in the Workmen's Compensation funds." *Id*.

{¶ 16} Nearly 30 years before *Blair*, the Second District Court of Appeals reached the same conclusion when applying former G.C. 1465-82, which contained language nearly identical to the last paragraph of R.C. 4123.59(D). *See Kloker v. Indus. Comm.*, 31 Ohio Law Abs. 628 (2d Dist.1940). The deceased employee in *Kloker* also had not adopted his stepchild. *Id.* at 629. Nevertheless, the court found that the stepchild was "a member of the family" because the stepchild had lived with his mother and the deceased employee since the time of their marriage and the deceased employee had at all times provided for the stepchild. *Id*. The Second District further recognized that the use of "or" permits "a member of the family" to be "one other than a lineal descendant of the deceased employee" and that "[t]he liberal construction that a stepchild and others than blood relatives may be considered a member of the family has been adopted many times in jurisdictions outside of the State of Ohio." *Id.* at 629-630.

{¶ 17} Similarly here, the commission could determine that an unmarried person who was in a relationship with a deceased employee was "a member of the family of the deceased employee," depending on the facts of that particular case. Granted, under a certain definition of "family," Carpenter is precluded from being

considered "a member of the family of the deceased employee" under R.C. 4123.95(D). "Family" can be defined as "a group of persons connected by blood, by affinity, or by law." *Black's Law Dictionary* 747 (11th Ed.2019). "Affinity" means "the relation that one spouse has to the blood relatives of the other spouse." *Id.* at 73. Under this definition of "family," it's hard to see how Carpenter could be considered part of McDonald's family.

{¶ 18} But "family" can also be defined as "a group consisting of parents and their children." *Id.* at 747. Or it may be defined as "a group of people who live together and usu[ally] have a shared commitment to a domestic relationship." *Id*. And recall that R.C. 4123.95 calls for the Workers' Compensation Act to be "liberally construed in favor of * * * the dependents of deceased employees." Accordingly—as these definitions show—it is very well possible that Carpenter could qualify as a "member of the family of the deceased employee" under R.C. 4123.59(D).

{¶ 19} Whether Carpenter actually qualifies as a "member of the family of the deceased employee" under the particular facts of this case is a question that the commission will have to address. The commission did not address this question, however, given its view that Carpenter could not possibly qualify as a dependent because she was not McDonald's surviving spouse. This was an incomplete and incorrect application of the statute.

## IV. CONCLUSION

{¶ 20} Carpenter has a clear legal right to have the commission apply R.C. 4123.59(D) correctly to her claim for death benefits, and the commission has a clear legal duty to do so. Accordingly, a writ of mandamus is appropriate to compel the commission to exercise its discretion in determining, in the first instance, whether Carpenter was a member of McDonald's family at the time of the injury that resulted in his death. We therefore affirm the Tenth District Court of Appeals' judgment granting a limited writ directing the commission to vacate its order and

to consider and determine whether Carpenter was a member of McDonald's family under R.C. 4123.59(D) and, if so, the extent of her dependency.

Judgment affirmed.

KENNEDY, C.J., and FISCHER, DEWINE, DONNELLY, STEWART, BRUNNER, and DETERS, JJ., concur.

————————————

Graham & Graham Co., L.P.A., and Robert G. McClelland, for appellee Amanda Carpenter.

Dave Yost, Attorney General, and John Smart, Assistant Attorney General, for appellant.

Hahn, Loeser & Parks, L.L.P., Steven E. Seasly, and Andrew J. Wolf, for J & J Schlaegel, Inc.

————————————