[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Holderman v. Indus. Comm.*, Slip Opinion No. 2026-Ohio-2371.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2026-OHIO-2371

THE STATE EX REL. HOLDERMAN [DECEASED], C/O HOLDERMAN, CHILD, APPELLEE, *v.* INDUSTRIAL COMMISSION OF OHIO, APPELLANT, ET AL.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Holderman v. Indus. Comm.*, Slip Opinion No. 2026-Ohio-2371.]

*Workers' compensation—Death benefits—R.C. 4123.59(D)—The final paragraph of R.C. 4123.59(D) functions as a residual or catchall provision for determining the question of dependency when the specific situations previously identified in R.C. 4123.59(D) do not apply—After awarding $3,000 to deceased employee's daughter as a prospective dependent under penultimate paragraph in R.C. 4123.59(D), Industrial Commission was not required to determine dependency under R.C. 4123.59(D)'s final paragraph—Court of appeals' judgment granting limited writ vacated and writ denied.*

(No. 2025-1498—Submitted April 14, 2026—Decided June 24, 2026.)

APPEAL from the Court of Appeals for Franklin County,

No. 23AP-237, 2025-Ohio-4553.

_____

The per curiam opinion below was joined by KENNEDY, C.J., and FISCHER, DEWINE, BRUNNER, DETERS, HAWKINS, and SHANAHAN, JJ.

**Per Curiam.**

{¶ 1} After Darrell W. Holderman ("the decedent") died in a work-related incident, his adult daughter, appellee, Patricia N. Holderman ("Holderman"), filed a request for workers' compensation death benefits. Appellant, the Industrial Commission of Ohio, ordered payment for the decedent's medical and funeral expenses and awarded Holderman a lump sum as a "prospective dependent" under R.C. 4123.59(D) but denied her request for weekly benefits as a person who was either "wholly dependent" or "partly dependent" on her father's support at the time of his death under R.C. 4123.59(B) and (C), respectively. Holderman brought this action in her father's name, asking the Tenth District Court of Appeals for a writ of mandamus directing the commission to vacate its orders and award her death benefits as a wholly or partly dependent person. The Tenth District granted a limited writ returning the matter to the commission for further proceedings. The commission has filed this direct appeal, and Holderman has moved for oral argument.

{¶ 2} For the reasons explained below, we deny Holderman's motion for oral argument, vacate the Tenth District's judgment granting a limited writ of mandamus, and deny the writ Holderman requested.

## I. BACKGROUND
### A. Relevant Legal Principles

{¶ 3} Article II, Section 35 of the Ohio Constitution authorizes the General Assembly to enact laws establishing a state fund to be created by compulsory contributions by employers "[f]or the purpose of providing compensation to workmen *and their dependents, for death*, injuries, or occupational disease,

occasioned in the course of such workmen's employment." (Emphasis added.) Under this enabling language, the legislature enacted R.C. 4123.59, which "governs what benefits are to be paid to whom when an employee's [work-related] injury or occupational disease causes [the employee's] death," *State ex rel. King v. Indus. Comm.*, 2003-Ohio-2451, ¶ 5.

{¶ 4} Among other things, R.C. 4123.59 authorizes the payment of benefits to persons who were wholly, partly, or prospectively dependent on an employee who died as a result of a work-related injury. R.C. 4123.59(B) provides that if there are "wholly dependent persons at the time of the death," such persons are entitled to receive weekly payments of a specified amount for a specified duration. R.C. 4123.59(C) provides that "partly dependent persons" are also entitled to receive weekly payments; however, those benefits continue only "for such time as the administrator [of workers' compensation] in each case determines."

{¶ 5} R.C. 4123.59(D)—which is the division at issue in this appeal— identifies persons who are entitled to a presumption of whole dependency, authorizes awards for "prospective dependency," and specifies how to determine the question of dependency "[i]n all other cases." Specifically, R.C. 4123.59(D)(1) and (2) identify persons who are "presumed to be wholly dependent for their support upon a deceased employee." For example, a deceased employee's adult child may be presumed to be wholly dependent if certain conditions are satisfied, including the child's being "physically or mentally incapacitated from earning" and being dependent on only the deceased employee for "more than one-half of the support for such child." R.C. 4123.59(D)(2).

{¶ 6} R.C. 4123.59(D)(1) and (2) are followed by three unnumbered paragraphs, which provide as follows:

It is presumed that there is sufficient dependency to entitle a surviving natural parent or surviving natural parents, share and share

alike, with whom the decedent was living at the time of the decedent's death, to a total minimum award of three thousand dollars.

The administrator may take into consideration any circumstances which, at the time of the death of the decedent, clearly indicate prospective dependency on the part of the claimant and potential support on the part of the decedent. No person shall be considered a prospective dependent unless such person is a member of the family of the deceased employee and bears to the deceased employee the relation of surviving spouse, lineal descendant, ancestor, or brother or sister. The total award for any or all prospective dependency to all such claimants, except to a natural parent or natural parents of the deceased, shall not exceed three thousand dollars to be apportioned among them as the administrator orders.

In all other cases, the question of dependency, in whole or in part, shall be determined in accordance with the facts in each particular case existing at the time of the injury resulting in the death of such employee, but no person shall be considered as dependent unless such person is a member of the family of the deceased employee, or bears to the deceased employee the relation of surviving spouse, lineal descendant, ancestor, or brother or sister.

{¶ 7} We have previously explained that the third and final unnumbered paragraph of R.C. 4123.59(D) "applies to claims for death benefits brought by persons who are not entitled to a presumption of dependency." *State ex rel. McDonald v. Indus. Comm.*, 2023-Ohio-1620, ¶ 9. That is, "the last paragraph of R.C. 4123.59(D) instructs that actual dependency, in whole or in part, must be

determined according to the facts that existed at the time of the injury that resulted in the employee's death." *Id.*

{¶ 8} If a deceased employee had no dependents, R.C. 4123.59(A) limits payments from the state insurance fund to reimbursement for expenses specified in R.C. 4123.66, such as funeral expenses.

## B. The Commission Denies Holderman Death Benefits as a Wholly or Partly Dependent Person

{¶ 9} The decedent was shot and killed on June 1, 2022, while working as a security officer. Holderman, the decedent's only child, applied to the Bureau of Workers' Compensation for death benefits.

{¶ 10} In an affidavit submitted with the claim, Holderman averred the following: that she was 39 years old when the decedent was killed; that she had lived in the decedent's home with him and her two minor children since 2018; that the decedent was responsible for and made all mortgage payments for the home and paid for the electric, trash, and sewer services, Holderman's automobile insurance, and her cellphone service; that on April 15, 2022, Holderman underwent back surgery and was unable to work until the decedent died; and that the decedent had provided all financial support for her and her two children while she was recovering from surgery. Holderman later informed the bureau that she had worked at a school cafeteria and that for two summers, she had worked at an ice-cream shop.

{¶ 11} Because the decedent's death resulted from an injury sustained in the course of his employment, the bureau allowed Holderman's claim for death benefits—but initially only for medical and funeral expenses. The bureau denied Holderman's request for dependency benefits, noting her age and that she was capable of holding a job and generating her own earnings.

{¶ 12} Holderman appealed the bureau's order administratively, arguing, among other things, that when her father was killed, she was recovering from back surgery and had no independent income, and she therefore was wholly or partly

dependent on her father for support. After a hearing, a district hearing officer ("DHO") for the commission awarded Holderman $3,000 as a prospective dependent based on her father's pledge to support her while she was recovering from back surgery but denied her request for death benefits as a wholly or partly dependent person.

{¶ 13} It does not appear that any party contested the DHO's determination that Holderman was a prospective dependent or the amount of her award. Holderman, however, appealed the denial of her request for death benefits as a wholly or partly dependent person. A staff hearing officer ("SHO") for the commission affirmed the DHO's order. The commission declined to accept Holderman's appeal of the SHO's order and subsequently denied Holderman's request for reconsideration of the commission's refusal to hear the appeal.

### C. The Tenth District Grants a Limited Writ of Mandamus

{¶ 14} Holderman filed this mandamus action in the Tenth District, alleging that the commission abused its discretion in ruling that she is not entitled to death benefits as a wholly or partly dependent person.

{¶ 15} The case was assigned to a magistrate, who found that the commission had not abused its discretion in finding that Holderman did not qualify for the presumption of whole dependency under R.C. 4123.59(D)(2). 2025-Ohio-4553, ¶ 61, 63 (10th Dist.). The magistrate reasoned that Holderman's work history was some evidence on which the commission could base its determination that she was not physically or mentally incapacitated from earning. *Id.* However, the magistrate concluded that the commission had improperly conflated the analysis for determining whether Holderman was entitled to a presumption of dependency under R.C. 4123.59(D)(2) with the analysis for determining dependency under R.C. 4123.59(D)'s final paragraph. *Id.* at ¶ 67-68. In the magistrate's words, the SHO's analysis of the question of dependency under R.C. 4123.59(D)'s final paragraph "appear[ed] to be based entirely on analysis of the factors pertaining to the

presumption of dependency" and that "[b]y confining analysis of the issue of actual dependency to the factors needed to establish the presumption instead of determining the issue under the totality of facts and circumstances in the case, the SHO erred as a matter of law." *Id* at ¶ 67. Accordingly, the magistrate recommended that the Tenth District issue a limited writ remanding the matter to the commission to determine in the first instance the question of Holderman's dependency under R.C. 4123.59(D)'s final paragraph. *Id.* at ¶ 68, 70.

{¶ 16} Both Holderman and the commission filed objections to the magistrate's decision. The commission argued, among other things, that the award of prospective-dependency benefits negated the need to consider dependency under R.C. 4123.59(D)'s final paragraph. Holderman argued that she was entitled to the presumption that she was wholly dependent on her father for support and that a remand was unnecessary because the facts had clearly established that she was at least partially dependent on her father. The Tenth District overruled both parties' objections and adopted the magistrate's decision, thereby granting a limited writ and remanding the matter "for proper consideration of whether Holderman was partly dependent-in-fact."[1] *Id.* at ¶ 29.

{¶ 17} The commission filed this direct appeal. Holderman did not file an appeal or cross-appeal.

## II. MOTION FOR ORAL ARGUMENT

{¶ 18} Holderman has moved for oral argument, asserting that this case presents a matter of great public importance and involves complex issues of law and fact. In a direct appeal, a request for oral argument is subject to this court's discretion. S.Ct.Prac.R. 17.02(A). In exercising that discretion, we consider "whether the case involves (1) a matter of great public importance, (2) complex

---

1. The Tenth District and Holderman refer to R.C. 4123.59(D)'s final paragraph as describing how to determine whether a person is "dependent-in-fact," 2025-Ohio-4553 at ¶ 23-24, 28-29 (10th Dist.). The term "dependent-in-fact," however, is not found in R.C. 4123.59(D).

issues of law or fact, (3) a substantial constitutional issue, or (4) a conflict among courts of appeals." *State ex rel. Walters v. Indus. Comm.*, 2024-Ohio-552, ¶ 40.

{¶ 19} We conclude that this case primarily presents an issue of statutory interpretation that the parties' briefs adequately address. Additionally, the case is no more important than other workers' compensation mandamus appeals in which claimants have been denied benefits to which they believe they are entitled. We therefore deny Holderman's motion for oral argument.

### III. STANDARD OF REVIEW

{¶ 20} To be entitled to a writ of mandamus, the relator must show by clear and convincing evidence that she has a clear legal right to the requested relief, that the commission has a clear legal duty to provide that relief, and that she has no adequate remedy in the ordinary course of the law. *State ex rel. Zarbana Industries, Inc. v. Indus. Comm.*, 2021-Ohio-3669, ¶ 10. "The commission's denial of death benefits based on its determination that the claimant was not a dependent of a deceased employee does not 'concern the causal connection between injury, disease, or death and employment' and, thus, is not appealable" to the court of common pleas and may be challenged in mandamus. *McDonald*, 2023-Ohio-1620, at ¶ 7, quoting *State ex rel. Liposchak v. Indus. Comm.*, 2000-Ohio-73, ¶ 18.

{¶ 21} In a workers' compensation mandamus appeal, a writ of mandamus may lie when there is a legal basis to compel the commission to perform its duties under the law or when the commission has abused its discretion in carrying out its duties. *State ex rel. Gen. Motors Corp. v. Indus. Comm.*, 2008-Ohio-1593, ¶ 9. "Where a commission order is adequately explained and based on some evidence, even evidence that may be persuasively contradicted by other evidence of record, the order will not be disturbed as manifesting an abuse of discretion." *State ex rel. Mobley v. Indus. Comm.*, 1997-Ohio-181, ¶ 16. However, a writ of mandamus may be issued against the commission if it "has incorrectly interpreted Ohio law." *State ex rel. Gassmann v. Indus. Comm.*, 41 Ohio St.2d 64, 65 (1975).

### IV. ANALYSIS

{¶ 22} The commission raises two propositions of law. Because we find that the commission's first proposition has merit and resolves this appeal, it is not necessary to consider the commission's second proposition.

### A. Having Granted Holderman an Award Based on Prospective Dependency, the Commission Was Not Required to Consider Dependency under R.C. 4123.59(D)'s Final Paragraph

{¶ 23} In support of its first proposition of law, the commission asserts that the SHO's determination of prospective dependency negated the need to determine dependency under R.C. 4123.59(D)'s final paragraph. That is, because the commission awarded Holderman $3,000 as a prospective dependent, the commission contends, the Tenth District's issuance of a limited writ ordering the commission to apply R.C. 4123.59(D)'s final paragraph was contrary to the statute's plain language. We agree.

{¶ 24} The commission's argument here hinges on the meaning of the phrase "[i]n all other cases" that opens R.C. 4123.59(D)'s final paragraph. Statutory interpretation is a question of law that we review de novo. *State ex rel. Dillon v. Indus. Comm.*, 2024-Ohio-744, ¶ 5; *Ceccarelli v. Levin*, 2010-Ohio-5681, ¶ 8. "To discern the meaning of a statute, 'we first consider the statutory language, reading all words and phrases in context and in accordance with the rules of grammar and common usage.' " *State ex rel. AutoZone Stores, Inc. v. Indus. Comm.*, 2024-Ohio-5519, ¶ 23, quoting *Gabbard v. Madison Local School Dist. Bd. of Edn.*, 2021-Ohio-2067, ¶ 13. "'When the statutory language is plain and unambiguous, and conveys a clear and definite meaning, we must rely on what the General Assembly has said' and apply the statute as written." *Dillon* at ¶ 5, quoting *Jones v. Action Coupling & Equip., Inc.*, 2003-Ohio-1099, ¶ 12.

{¶ 25} To discern the meaning of the phrase "[i]n all other cases" in R.C. 4123.59(D)'s final paragraph, it is first necessary to analyze the language preceding

it. As noted above, R.C. 4123.59(D)(1) and (2) identify persons who are "presumed to be wholly dependent for their support upon a deceased employee." The first unnumbered paragraph following R.C. 4123.59(D)(2) authorizes a minimum award of $3,000 to a surviving parent or parents with whom the deceased employee was living at the time of the employee's death.

{¶ 26} The second unnumbered paragraph following R.C. 4123.59(D)(2) authorizes the bureau's administrator to issue an award for "prospective dependency." The administrator "may take into consideration any circumstances which, at the time of the death of the decedent, clearly indicate prospective dependency on the part of the claimant and potential support on the part of the decedent." *Id.* The statute does not define "prospective dependency"—although it is clear that prospective dependency is forward-looking, because the administrator may issue such an award only if the circumstances indicate "potential support on the part of the decedent" at the time of the employee's death, *id.* The last sentence of this paragraph limits the total award "for any or all prospective dependency" to $3,000, to be apportioned among all prospective dependents—which supports our understanding that prospective dependency is a separate category of dependency under the statute.

{¶ 27} The next paragraph—the third unnumbered paragraph and R.C. 4123.59(D)'s final paragraph—provides:

> *In all other cases*, the question of dependency, in whole or in part, shall be determined in accordance with the facts in each particular case existing at the time of the injury resulting in the death of [the] employee, but no person shall be considered as dependent unless such person is a member of the family of the deceased employee, or bears to the deceased employee the relation of surviving spouse, lineal descendant, ancestor, or brother or sister.

(Emphasis added.)

{¶ 28} When reading R.C. 4123.59(D)'s final paragraph in context with the paragraphs that precede it and in accordance with the plain and ordinary meaning of the phrase "[i]n all other cases," we conclude that the final paragraph functions as a residual or catchall provision for determining the question of dependency when the specific situations previously identified in R.C. 4123.59(D) do not apply—i.e., when dependency is neither presumed nor prospective. Because the paragraph that immediately precedes R.C. 4123.59(D)'s final paragraph pertains to an award based on prospective dependency, the natural inference is that the final paragraph of R.C. 4123.59(D), which begins with "[i]n all other cases," applies to questions of dependency that do not concern prospective dependency.

{¶ 29} Because the commission determined that Holderman was a prospective dependent and it therefore awarded her $3,000 under the penultimate paragraph in R.C. 4123.59(D), the commission was not required to determine dependency under R.C. 4123.59(D)'s final paragraph. Accordingly, the Tenth District misinterpreted R.C. 4123.59(D) and erred by issuing a limited writ directing the commission to engage in such an analysis.

## B. The Tenth District's Rationale and Holderman's Counterargument Fail to Give Effect to the Statutory Language

{¶ 30} For the reasons explained below, we find neither the Tenth District's rationale for granting the limited writ nor Holderman's appellate argument to be persuasive.

{¶ 31} The Tenth District rejected the commission's interpretation of R.C. 4123.59(D) for two reasons. First, the court said that the commission's argument relied on dicta from *McDonald*, 2023-Ohio-1620. In *McDonald*, we summarized the operation of R.C. 4123.59(D) as follows:

> The statute identifies who is "presumed to be wholly dependent" . . . and who may be considered a "prospective dependent" . . . . The question of dependency in all other cases—i.e., cases in which dependency is neither presumed nor prospective—"shall be determined in accordance with the facts in each particular case . . . ."

*McDonald* at ¶ 3, quoting R.C. 4123.59(D). Because prospective dependency was not at issue in *McDonald*, the Tenth District opined, *McDonald* should not be cited as authority for the proposition that a finding of prospective dependency negates any need to consider a claim for dependency under R.C. 4123.59(D)'s final paragraph. 2025-Ohio-4553 at ¶ 23-25 (10th Dist.).

{¶ 32} The issue in *McDonald* was whether a deceased employee's fiancée, who was the mother of his children, qualified for death benefits as a member of the employee's family. *McDonald* at ¶ 1-2, 20. While *McDonald* did not involve a determination relating to prospective dependency, that does not mean that *McDonald*'s characterization of the operation of R.C. 4123.59(D) is incorrect. Regardless, in this appeal, although the commission relies in part on *McDonald*, the commission primarily argues that R.C. 4123.59(D)'s plain language—namely, the phrase "[i]n all other cases" in R.C. 4123.59(D)'s final paragraph—controls the outcome of this case. As explained above in Part IV(A) of this opinion, the statutory language—not *McDonald*—controls.

{¶ 33} Second, the Tenth District opined that the commission's interpretation of R.C. 4123.59(D) failed to account "for the difference between prospective dependency and other types of dependency." 2025-Ohio-4553 at ¶ 26 (10th Dist.). According to the Tenth District, "[w]hether a person was dependent at the time of an employee's death is a different question from whether a person was likely to be dependent at a future point after the employee's death," *id.*, and the

commission's determination of Holderman's prospective dependency therefore "was not dispositive of her claim of partial dependency in fact," *id.* at ¶ 27.

{¶ 34} The problem with that conclusion is that it does not account for the limited amount of a prospective-dependency award or the explicit direction in R.C. 4123.59(D)'s final paragraph that it applies "[i]n all other cases." As noted above, the total award "for any or all prospective dependency" is limited to $3,000, to be apportioned among all prospective dependents as ordered by the administrator. *Id.* (penultimate paragraph). By contrast, a person determined to be dependent, in whole or in part, is entitled to weekly benefits. *See* R.C. 4123.59(B) and (C). The limitation of an award for prospective dependency signals a separate category of dependency—distinct from the other types of dependency established in R.C. 4123.59.

{¶ 35} Moreover, the Tenth District did not discuss—and failed to give independent effect to—the phrase "[i]n all other cases" in R.C. 4123.59(D)'s final paragraph. "When interpreting statutes, we must 'give effect to every term . . . and avoid a construction that would render any provision meaningless, inoperative, or superfluous.' " (Ellipsis in original.) *State ex rel. Byk v. Indus. Comm.*, 2025-Ohio-2044, ¶ 33, quoting *Rhodes v. New Philadelphia*, 2011-Ohio-3279, ¶ 23. This surplusage canon "holds that it is no more the court's function to revise by subtraction than by addition." Scalia & Garner, *Reading Law: The Interpretation of Legal Texts*, 174 (2012). In the current version of R.C. 4123.59(D), the paragraph relating to prospective dependency immediately precedes the paragraph that begins with "[i]n all other cases." The placement of the paragraphs—along with the ordinary meaning of the phrase "[i]n all other cases"—tells us that the commission determines dependency under R.C. 4123.59(D)'s final paragraph in cases in which dependency is neither presumed nor prospective. By glossing over the phrase "[i]n all other cases," the Tenth District essentially made it mere surplusage.

13

{¶ 36} In her merit brief, Holderman addresses the phrase "[i]n all other cases," but her interpretation is inconsistent with R.C. 4123.59(D)'s current plain language. Holderman argues that because the statute contained the paragraph that begins with the phrase "[i]n all other cases" before the statute included any reference to prospective dependency, the phrase necessarily applies only to situations addressed by the statute before the reference to prospective dependency was added. According to Holderman, "[e]ntitlement to prospective dependance has nothing to do with the 'other cases' language." (Italics deleted.)

{¶ 37} It is true that the statute included the phrase "[i]n all other cases" before the statute included any reference to prospective dependency. Prior to 1937, the precursor to R.C. 4123.59 provided:

> The following persons shall be presumed to be wholly dependent for support upon a deceased employe[e]:
>
> (A) A wife upon a husband with whom she lives at the time of his death.
>
> (B) A child or children under the age of sixteen years (or over said age if physically or mentally incapacitated from earning) upon the parent with whom he is living at the time of the death of such parent.
>
> *In all other cases*, [the] question of dependency, in whole or in part, shall be determined in accordance with the facts in each particular case existing at the time of the injury resulting in the death of such employe[e] . . . .

(Emphasis added.) G.C. 1465-82, Section 35, Am.S.B. No. 48, 103 Ohio Laws, 72, 86.

{¶ 38} In 1937, the legislature amended former G.C. 1465-82 to add the paragraph relating to prospective dependency and placed it immediately before the paragraph that begins with "[i]n all other cases." *See* G.C. 1465-82, Sub.H.B. No. 69, Section 1, 117 Ohio Laws 110, 112. But contrary to Holderman's contention, the sequence of enactments does not show that the legislature intended the phrase "[i]n all other cases" to apply only to cases in which a person was not presumed to be wholly dependent, without regard to prospective dependency. Had the General Assembly intended to limit application of the phrase in the manner advanced by Holderman, it could have easily done so in the text of the statute. Instead, when the paragraph on prospective dependency was added, it immediately preceded the paragraph starting with "[i]n all other cases," and that is still true today. "'The intention of the legislature is to be collected from the words they employ.' " *Caldwell v. Whirlpool Corp.*, 2024-Ohio-1625, ¶ 13, quoting *United States v. Wiltberger*, 18 U.S. 76, 95 (1820).

{¶ 39} Thus, Holderman's reliance on a prior version of R.C. 4123.59(D) is insufficient to defeat the meaning of the text of the current version of the statute. "'[I]f the text of a statute is unambiguous, it should be applied by its terms without recourse to policy arguments, legislative history, or any other matter extraneous to the text.' " *In re Natl. Prescription Opiate Litigation*, 2024-Ohio-5744, ¶ 32, quoting Scalia & Garner, *Reading Law*, at 436. Because R.C. 4123.59(D)'s final paragraph is unambiguous, it should be applied as written.

{¶ 40} In sum, the phrase "[i]n all other cases" as used in R.C. 4123.59(D)'s final paragraph has a clear and definite meaning. Because the commission awarded Holderman a lump-sum payment as a prospective dependent, the commission was not required to also determine whether she was a dependent under R.C. 4123.59(D)'s final paragraph. By granting a limited writ of mandamus ordering the commission to engage in a dependency analysis under R.C. 4123.59(D)'s final paragraph, the Tenth District misinterpreted the statute. Therefore, we vacate the

Tenth District's judgment granting the limited writ and deny Holderman's request for a writ of mandamus directing the commission to vacate its orders and award her death benefits as a wholly or partly dependent person.

{¶ 41} Given our disposition of the commission's first proposition of law, it is not necessary to consider the commission's second proposition of law.

## V. CONCLUSION

{¶ 42} For the foregoing reasons, we deny Holderman's motion for oral argument, vacate the Tenth District's judgment granting a limited writ of mandamus, and deny the writ Holderman requested.

Judgment vacated
and writ denied.

_____

Hochman & Plunkett Co., L.P.A., Gary D. Plunkett, and Shaun P. Omen, for appellee.

D. Andrew Wilson, Attorney General, and Cindy Albrecht, Assistant Attorney General, for appellant.

_____